Gladys OJEDA–TORO,
Plaintiff, Appellant,

v.

Mario E. RIVERA–MENDEZ, et al.,
Defendants, Appellees.

No. 87–1706.

United States Court of Appeals,
First Circuit.

Heard June 8, 1988.
Decided Aug. 3, 1988.

---

Frank D. Inserni, Hato Rey, P.R., for plaintiff, appellant.

Digna E. Landrove de la O, Hato Rey, P.R., with whom Rae Schupack Nathan, New York City, Regional Counsel, and Nancy Pujals, Sr. Atty., Santurce, P.R., were on brief, for defendant, appellee Federal Deposit Ins. Corp.

Roberto Buso Aboy, Santurce, P.R., for defendant, appellee Citibank, N.A.

Appellee Mario E. Rivera–Mendez submitted on the brief of Citibank, N.A.

Before COFFIN, BOWNES and TORRUELLA, Circuit Judges.

BOWNES, Circuit Judge.

This appeal arises out of the denial of a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Plaintiff-appellant Gladys Ojeda Toro argues that the district court abused its discretion in denying her motion. She bases her request for relief on two grounds: (1) that defendant-appellee Citibank, with the tacit acquiescence of defendant-appellee Federal Deposit Insurance Corporation (FDIC), misrepresented facts in its motion for dismissal, and (2) that she received inadequate representation from her counsel. We find that plaintiff has failed to establish an abuse of discretion and we affirm the judgment of the district court.

This case has a complex procedural background. We summarize only those facts relevant to this appeal. Plaintiff began her legal quest on December 12, 1983, when she first filed a complaint in the Superior Court of Puerto Rico. Her complaint charged defendants Citibank and FDIC, among others, as participants in a fraud to deprive her of both personal and conjugal property. The case (hereinafter case no. 84–0340) was removed to federal court upon petition by the FDIC and was dismissed over two years later, on January 21, 1985, for failure to prosecute. Prior to the dismissal, the court had authorized two changes of counsel for plaintiff. In a December 12, 1984 order granting the motion to withdraw of plaintiff's latest counsel, the court allowed plaintiff thirty days to obtain a new attorney. In its subsequent order of dismissal, the court noted that plaintiff had failed to obtain one.

Following the dismissal of case no. 84–0340, plaintiff filed two motions. The first requested additional time to obtain counsel; the second alleged that plaintiff had not received timely notice of the court's December 12th order. The court held a hearing

on February 27, 1985, to address the question of notice. The court found as follows:

> The Court after considering the comments of the Petitioner and of [sic] the comments of [her counsel], finds that they had withdrawn their representation of the Petitioner and that they had also notified the Petitioner of their withdrawal. And that it's plain from the record that the defendant knew of this withdrawal because she in fact was trying to obtain new counsel on her own....
>
> And therefore her petition for reconsideration is denied and the dismissal of the case stands.

During the course of the hearing, the court recognized that plaintiff was attempting to secure representation by requesting the intervention and aid of the Supreme Court of Puerto Rico. After denying her request for reconsideration, the court stated:

> This is not to say, however, that if the Supreme Court of Puerto Rico somehow resolves your problem with respect to your representation that this Court will not entertain a subsequent motion at that time. By anyone whom you may be able to obtain to represent you in this case. You understand that.

Although the Supreme Court of Puerto Rico did in fact appoint several attorneys to represent plaintiff, each of these attorneys subsequently withdrew either upon their own request or that of the plaintiff. In July 1985, the Supreme Court disclaimed any further interest in aiding the plaintiff in her efforts to obtain counsel:

> [T]his Court *does not* have the obligation to designate a court appointed counsel to a party who is not an indigent. The efforts carried out up to the present were aimed at aiding a person who claimed impossibility to get an attorney to represent her for reasons beyond her control. The efforts have been fruitless. The various incidents that transpired up to this date move the court to reconsider the position originally assumed.

(Emphasis in original).

Over one year after the dismissal of case no. 84-0340 for failure to prosecute, plaintiff obtained new counsel and filed a complaint in federal district court. This complaint was an exact English translation of the original pleading filed in the Superior Court of Puerto Rico in December 1983. The new complaint did not refer to case no. 84-0340 nor did it invoke any grounds for federal jurisdiction. Citibank filed a motion to dismiss on the grounds of both (1) failure to establish federal jurisdiction and (2) res judicata. The plaintiff did not respond to the motion to dismiss.

On September 15, 1986, the district court issued an opinion and order granting defendant's motion to dismiss. The court held (1) that plaintiff had failed to plead jurisdiction as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure;[1] and (2) that the dismissal of case no. 84-0340 for failure to prosecute was an adjudication on the merits in accordance with Rule 41(b) of the Federal Rules of Civil Procedure[2] and that the dismissal of the previous case therefore barred the action under consideration as res judicata. Judgment in accordance with the order was entered on September 17, 1986.

Plaintiff filed a *pro se* motion for reconsideration on October 2, 1986. She alleged that she had never received any official notice of Citibank's motion to dismiss, that her attorney had refused to meet with her to discuss the motion, and that as a result she had asked her attorney to withdraw from legal representation. She therefore

---

1. Rule 8 provides, in relevant part:
   *Rule 8. General Rules of Pleading*
   (a) *Claims for Relief.* A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends....

2. Rule 41 provides, in relevant part:
   *Rule 41. Dismissal of Actions*

   ....

   (b) *Involuntary Dismissal: Effect thereof.* For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.... Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits.

requested permission to proceed *pro se* in the event that she could not obtain new counsel. Two weeks later, plaintiff's counsel filed a motion to withdraw as her attorney. In his motion, counsel stated that plaintiff had requested his withdrawal despite the fact that he had advised her that he was contemplating action on her behalf. He explained that he believed grounds existed to challenge the underlying order of dismissal. As an example, he stated that the dismissal of case no. 84–0340 may have been without prejudice and that the dismissal of the second complaint on grounds of res judicata was therefore in error; he included a copy of the relevant portions of the transcript of the February 27th hearing to substantiate his claim that the district court did not intend its dismissal order to be with prejudice. The court denied plaintiff's request for reconsideration and found her attorney's request to withdraw moot because the case had been dismissed.

Plaintiff failed to appeal from the September 17th judgment within the period allowed by Rule 4(a)(1) of the Federal Rules of Appellate Procedure, despite the suggestion of merit by her attorney as stated in the motion to withdraw. Instead she filed a Rule 60(b) motion for relief from judgment on May 1, 1987.[3] Plaintiff alleged "that she has a lot of new evidence to support that there are Mistakes, Inadvertence, Excusable Neglect, New Discovery Evidence, Fraud, Misrepresentation and other reasons that justify the relief of the Judgment and Order in this case and to reopen it." Her motion reiterated many of the substantive claims of the original complaint; it did not discuss the issue of res judicata nor did it allege misrepresentation by Citibank. The motion did include a broad claim of inadequate representation by counsel, but it did not specify the misconduct. Plaintiff supported her motion

with a personal letter to the trial judge on May 5, 1987, requesting relief from judgment. The court denied her requests and plaintiff filed a notice of appeal.

Plaintiff raises essentially two grounds for relief on appeal: (1) misrepresentation by Citibank in failing to refer to the February 27th hearing in its motion to dismiss, and (2) inadequate representation of counsel in defending against the motion to dismiss. Plaintiff acknowledges that she did not raise these issues in her Rule 60(b) motion to the district court; she argues, however, that the court possessed sufficient information concerning the case to vacate the judgment. We need not decide whether the various motions filed by the plaintiff and her attorneys adequately preserved the issues pressed on appeal because we find that, even granting the most liberal reading to plaintiff's pleadings, the district court acted within its discretion in denying the motion for relief from judgment.

▮▮▮ We note at the outset that the treatment of a Rule 60(b) motion is committed to the discretion of the district court and may be reversed only upon a finding of an abuse of that discretion. *See United States v. Berenguer,* 821 F.2d 19, 20 (1st Cir.1987) (citations omitted); *Lepore v. Vidockler,* 792 F.2d 272, 274 (1st Cir.1986) (citations omitted); *Pagan v. American Airlines,* 534 F.2d 990, 993 (1st Cir.1976) (citations omitted). Furthermore, our review is limited to the denial of the contested motion itself; we may not consider the merits of the underlying judgment. *See Lepore,* 792 F.2d at 273–74 (citation omitted); *Pagan,* 534 F.2d at 992–93 (citation omitted). Plaintiff may not use Rule 60(b) as a substitute for a timely appeal under Rule 4(a)(1) of the Federal Rules of Appellate Procedure. *See Parrilla–Lopez v.*

---

**3.** Rule 60 provides, in relevant part:

> *Rule 60. Relief from Judgment or Order*
>
> . . .
>
> (b) *Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.* On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1)

mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . . or (6) any other reason justifying relief from the operation of the judgment.

*United States,* 841 F.2d 16, 20 (1st Cir. 1988) (citation omitted); *Lepore,* 792 F.2d at 274 (citations omitted); *Pagan,* 534 F.2d at 993 (citations omitted). This means that plaintiff may not raise the question of whether the dismissal of case no. 84–0340 precluded the relitigation of the same issues in a later case. By failing to appeal the September 17th judgment of dismissal on the grounds of res judicata, that judgment became final. *See Geigel v. Sea Land Service, Inc.,* 44 F.R.D. 1, 2 (D.P.R. 1968) ("Rule 60(b) of the Federal Rules of Civil Procedure was not intended to benefit an unsuccessful litigant who, long after time during which appeal from final judgment could have been perfected, first seeks to express dissatisfaction, since this Rule was not intended to afford a substitute for an appeal.") (citation omitted). We therefore limit our inquiry to the merits of plaintiff's motion for relief from judgment.

■ Rule 60(b) specifies six grounds under which a party may request relief from judgment. *See supra* note 3. Plaintiff's first allegation, that Citibank knew that its assertion of res judicata was meritless and that the FDIC remained silent in the face of its codefendant's misrepresentation, falls within the scope of subsection (3) of Rule 60(b). Subsection (3) permits relief for "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." We find no abuse of discretion in the district court's denial of plaintiff's motion for relief on the basis of fraud or misrepresentation.

In *Manning v. Trustees of Tufts College,* 613 F.2d 1200 (1st Cir.1980), we upheld the denial of a Rule 60(b) motion in which the plaintiff alleged that defendants had willfully and fraudulently withheld important discovery material. We noted in our opinion that plaintiff could have obtained the contested documents independently of the defendants by issuing a subpoena to a witness. *Id.* at 1204. That holding reflects the principle that a party may not prevail on a Rule 60(b)(3) motion on the basis of fraud where he or she has access to disputed information or has knowledge of inaccuracies in an opponent's representations at the time of the alleged misconduct. *Accord* 7 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 60.24[5] (2d ed. Supp.1987–88) ("Even where misrepresentations are made during a litigation, it is not an abuse of discretion to deny relief to the losing party under Rule 60(b)(3), where the party had access to accurate information.") (footnote omitted).

Here plaintiff attended the February 27th hearing and was present when the court stated that it might entertain "a subsequent motion" in case no. 84–0340 if the plaintiff resolved her problems with respect to legal representation. Nonetheless, plaintiff failed to respond to Citibank's assertion of res judicata in its motion to dismiss. Assuming arguendo that plaintiff's statement in her October 2, 1986 motion for reconsideration is true, and that she did not receive notice of defendant's motion to dismiss, she did receive notice of possible grounds for appeal from her attorney which were stated in his motion to withdraw. Plaintiff, however, failed to appeal. Given her timely access to information which could have undermined Citibank's claim of res judicata, plaintiff may not now assert fraudulent misrepresentation. *Cf. Good Luck Nursing Home v. Harris,* 636 F.2d 572, 577 (D.C.Cir.1980) ("[A] party that ... has not presented known facts helpful to its cause when it had the chance cannot ordinarily avail itself of rule 60(b) after an adverse judgment has been handed down.") (citations omitted); *Lepore,* 792 F.2d at 274 ("An unexcused failure to produce the relevant evidence before entry of judgment is sufficient grounds for denial of a 60(b) motion.") (citations omitted); *Parrilla–Lopez,* 841 F.2d at 19–20 (failure to obtain testimony at time of trial was "conscious decision" which did not give rise to relief under rule 60(b)). Plaintiff could have contested the question of claim preclusion in an appeal from the judgment of dismissal; she may not now be relieved of the consequences of her decision not to appeal by way of a Rule 60(b) motion. *Cf. Ackermann v. United States,* 340 U.S. 193, 198, 71 S.Ct. 209, 211, 95 L.Ed. 207 (1950) (party may not invoke Rule 60(b) to evade

consequences of decision not to appeal where decision was a "free, calculated, deliberate choice[ ]").

■ Plaintiff next argues that her attorney failed to render adequate legal representation. We construe this claim as an assertion that plaintiff's failure to appeal the judgment of dismissal was "excusable neglect" within the meaning of subsection (1) of Rule 60(b). We find that this claim has no merit.

We begin our analysis with the general proposition that all parties are bound by the acts of their attorneys. In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), the Court stated:

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney."

*Id.* at 633–34, 82 S.Ct. at 1390 (quoting *Smith v. Ayer*, 101 U.S. (11 Otto) 320, 326, 25 L.Ed. 955 (1879)) (footnote omitted).

In *Pagan v. American Airlines*, 534 F.2d 990, we upheld the denial of a Rule 60(b) motion in which plaintiff alleged that his failure to request a reinstatement of his case after it was stricken from the docket in a settlement agreement, or to file a timely appeal of the final order confirming the approval of that settlement, was excusable neglect. Plaintiff argued that the failure to request reinstatement was excusable in light of the fact that the court did not approve his change of counsel until two days before the expiration of the stipulated sixty-day reinstatement period. We rejected that claim, stating: "We cannot say, under all the circumstances, that the dis-

trict court abused its discretion in denying the Rule 60(b) motion. Any loss of rights stems solely from the cumulative effect of appellant's own neglect, and that of his newly retained attorney." *Id.* at 993. *Accord Spound v. Mohasco Industries*, 534 F.2d 404, 411 (1st Cir.) (excusable neglect does not encompass "a mere palpable mistake by experienced counsel"), *cert. denied*, 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed.2d 167 (1976).

Similarly, in *Kaercher v. Trustees of Health and Hospitals of the City of Boston*, 834 F.2d 31 (1st Cir.1987), we held that, although attorney misconduct may in some circumstances constitute excusable neglect, the district court did not abuse its discretion in denying plaintiff's Rule 60(b) motion in light of the "previous pattern of delay and neglect" by both plaintiff and her counsel. *Id.* at 34–35. Plaintiff in *Kaercher* changed counsel five times; the court vacated two dismissals prior to the judgment giving rise to the appeal; and the final judgment of dismissal for failure to prosecute followed the failure of either plaintiff or her counsel to appear at a pretrial status conference. In upholding the decision of the trial court, we noted both that "appellant had exhibited a somewhat troubled history with the series of attorneys representing her" and that "appellant was ... aware of counsel's delinquency." *Id.* at 34.

Plaintiff in the present case also has evinced a "pattern of delay and neglect." She too has opened a revolving door of legal representation. And she too was aware of her counsel's delinquency. Furthermore, she had notice of the possibility of grounds for a timely appeal and failed to act to secure her rights. Plaintiff simply cannot establish excusable neglect or abandonment by counsel where her own conscious decisions and choices created her present dilemma. We find no abuse of discretion by the trial court.

■ Finally we consider whether plaintiff presented grounds for relief under subsection (6) of Rule 60(b), a catch-all category under which a party may advance "any other reason justifying relief from the op-

eration of the judgment." In *Klapprott v. United States*, 335 U.S. 601, 613–14, 69 S.Ct. 384, 389–90, 93 L.Ed. 266 *modified*, 336 U.S. 942, 69 S.Ct. 384, 93 L.Ed. 1099 (1949), the Court stated that under certain extraordinary circumstances a claim for relief for excusable neglect could be asserted under subsection (6) if relief was unavailable under subsections (1)–(5).[4] Plaintiff has failed to make the requisite showing.

In *Chang v. Smith*, 778 F.2d 83, 85 (1st Cir.1985), we considered a claim for "gross and inexcusable" neglect under subsection (6). We held that, although a claim for inexcusable neglect could lie under the catch-all provision, the plaintiff had failed to make out a claim on the basis of his attorney's failure to file a Rule 60(b)(1) motion in the district court because the underlying neglect—counsel's acquiescence to a voluntary dismissal—was undertaken with plaintiff's knowledge: "Rule 60(b) cannot be used to relieve a litigant from improvident strategic choices." *Id.* (citations omitted). Similarly, although plaintiff in the present case might argue that counsel's failure to appeal was gross and inexcusable neglect, she was aware of counsel's belief that grounds to appeal existed and yet she (1) requested her attorney to withdraw from legal representation and (2) failed to file a *pro se* appeal, opting instead to file under Rule 60(b). Her voluntary choice precludes relief under subsection (6). *Accord Lubben v. Selective Service System Local Board No. 27*, 453 F.2d 645, 651–52 (1st Cir.1972) (decision not to pursue appeal bars relief under Rule 60(b)).

We therefore find no abuse of discretion in the denial of plaintiff's motion for relief from judgment. The judgment of the district court is *affirmed*.

---

**4.** Rule 60(b) requires that all motions made pursuant to subsections (1)–(3) be filed "within a reasonable time ... [and] not more than one year after the judgment, order, or proceeding was entered or taken." Subsection (6) is governed only by the "reasonable time" provision. A claim for excusable neglect could, therefore, be time-barred under subsection (1) and still be viable under subsection (6).