UNITED STATES of America, Plaintiff,

v.

**59.88 ACRES OF LAND, MORE OR LESS, SITUATED IN the TOWNS OF EASTHAM, TRURO, AND WELLFLEET, COUNTY OF BARNSTABLE, COMMONWEALTH OF MASSACHUSETTS, Unknown Owners, et al., Defendants.**

Civ. A. No. 73–1751–C.
Tract No. 31E–6104.

United States District Court,
D. Massachusetts.

April 4, 1990.

Barnstable County, Massachusetts. After filing a complaint in condemnation of the property on June 3, 1973, the United States attempted to discover and notify all parties having an interest in the property of the condemnation proceedings. On April 8, 1975, the United States filed a motion for summary judgment which was unopposed. The Court granted summary judgment on April 9, 1975, and ruled that just compensation for the property was $19,200. Upon deposit of that sum into the Registry of the Court, the Court entered final judgment of condemnation on May 1, 1975.

This action is now before this Court on motions to vacate the summary judgment and the final judgment of condemnation brought by numerous individuals ("the petitioners") who each claim an interest in the property. In support of their motions to vacate, several of the petitioners argue that they were denied due process under the fifth amendment because the United States did not provide them with notice of the condemnation proceedings and final judgment of condemnation was thus entered against their property at a hearing at which they were not present or represented. Because the circumstances and history of the petitioners differ, thus requiring separate discussion, those petitioners represented by James R. Wilson will be referred to as "the Wilson petitioners," [1] and those petitioners represented by John D. Hallisey will be referred to as "the Hallisey petitioners," [2] except where a petitioner's claim warrants individual discussion.

Asst. U.S. Atty. Frank Libby, James R. Wilson, Hyannis, Mass., John Hallisey, Orleans, Mass., for plaintiff.

Henry D. Akin, Dallas, Tex., for Malcolm Bowers.

James E. Coppola, Lynn, Mass., for Truro Tax Collector.

Lawrence O. Spaulding, Orleans, Mass., for Newcomb defendants.

## MEMORANDUM

CAFFREY, Senior District Judge.

This action involves the condemnation of a parcel of land, identified as Tract 31E–6104 ("the property"), located in Eastham,

### I. Facts

Tract 31E–6104, the property, is a 4.8 parcel of land located in Eastham, Barnsta-

1. James R. Wilson represents the following petitioners: Freeman C. Hatch, III, John A. Ullman, Harrison F. Ullman, Elisabeth U. Welker, Mary Lou S. Levers, and Philip Schwind.

2. John D. Hallisey represents the following petitioners: Louise Hatch Meservey, for whom an appearance was entered on February 4, 1976 and whose motion to vacate was filed on February 3, 1981; Antoinette Raymond Bitsoli, Marion Raymond DesBarres, Norman Clark Raymond, II, Dorothy Walcott Raymond, Nancy Raymond McWeeney, Wendy Raymond Bren-

nan, Judy Raymond Buehner, and Henry T. Raymond, III, who all first appeared in this action when they filed their joint motion to vacate on January 11, 1982; and Harold A. McHenry, Clarice O. McHenry Rice, Barbara Hatch Farrell, Ross Riepert Hatch, Jean Elsa Groover, Wilma M. Cole Nickerson, David Loomis, Malcolm Loomis, and Pauline Dustin Hatch, who all first appeared in this action on February 5, 1982 when they filed a petition for determination of title and their motion to vacate summary judgment.

ble County and falls within the Cape Cod National Seashore. In 1963, the National Park Service contemplated acquiring the property for the Seashore and ordered a title search of that tract. The usual practice of the National Park Service, with respect to discovering the names and addresses of landowners, is to use the title information contained in the binder supplied by the Chicago Title Insurance Company and to inquire at the town hall and other public offices in the town where the land is located. The title search revealed that the tract was owned by Freeman C. Hatch, Jr., Edna Ullman, Mattie P. Hatch, James P. Hatch, and Susan F. Hatch, who were all deceased at the time. The title examination also revealed the possible claims of Blanche C. McHenry, Roscoe P. Hatch, Nathena N. Cole, and Mignon J. Loomis.

Several of the Wilson Petitioners, namely John A. Ullman, Freeman C. Hatch, III, Harrison F. Ullman, Elisabeth V. Welker, and Mary Lou Levers, are the heirs of Edna H. Ullman and Freeman C. Hatch, Jr. The identities of John A. Ullman and his relatives were not discovered by the title examination. Although the government's records do not reveal with certainty the means by which the identities of these petitioners came to the attention of the United States, they were probably discovered because these petitioners were paying real estate taxes on the property. Except for John Ullman, the addresses of these petitioners were unknown to the United States. Thus, the United States only personally served John A. Ullman with notice of the condemnation proceedings. John A. Ullman directed the United States to Attorney Paul Henson,[3] who ultimately came to represent all of the Wilson petitioners, except Philip Schwind.

Although the United States did discover the identities of most of the Wilson petitioners, the United States' title examination and other efforts did not reveal the identities of Philip Schwind, of the Hallisey petitioners, or of any other person claiming an interest in the property.

The United States filed its complaint in condemnation on June 5, 1973. On May 7, 1974 the United States filed a certificate for service by publication identifying landowners who could not be personally served because the United States after inquiry could not ascertain their addresses. Thus, on June 19, June 26, and July 3, 1974, notice of the pendency of these condemnation proceedings was published in the *Cape Cod Standard Times*, a local newspaper circulated in Barnstable County. This notice was addressed as follows: "To: The following named persons or their spouses, heirs, representatives, devisees, distributees, creditors or assigns and UNKNOWN OWNERS." The notice then listed the names of individuals found within the title binder issued by Chicago Title Insurance Company during the title examination.[4] The notice next described the property, Tract 31-6104:

*EASTHAM TRACT 31-6104*

Beginning at a point, said point is the centerline of an old woods road with the south line of land now or formerly belonging to Owners Unknown;

Thence, Northeasterly along said south line of land to the north east corner of said land, said corner is a point at the low-water line of the Atlantic Ocean;

Thence, Southeasterly, bounded by the Atlantic Ocean, to the southeast corner of said land, said corner is also the northeast corner of land now or formerly owned by Martha F. Ells;

Thence, Southwesterly along the north line of land now or formerly owned by

---

3. Throughout 1971 and 1972, the United States negotiated with attorney Henson in an attempt to acquire this property without resorting to condemnation. The acquisition could not be completed, however, because Attorney Henson was unsuccessful in eliminating various title defects. Thus, condemnation was chosen so as to eliminate the title defects.

4. Regarding Tract 31-6104, the notice named the following persons: Nathena N. Cole, Freeman C. Hatch, Freeman C. Hatch, Jr., James P. Hatch, Mattie P. Hatch, Roscoe P. Hatch, Susan F. Hatch, Mignon J. Loomis, and Blanche C. McHenry. None of the Wilson or Hallisey petitioners were named in the Notice by Publication.

Martha F. Ells to a point, said point is the intersection of said north line with the centerline of an old woods road;

Thence, generally Northwesterly along the centerline of said old woods road to the point of beginning.

Containing 4.80 acres, more or less.

The publication gave notice of the condemnation proceedings and of the fact that the Court would proceed to establish just compensation for condemnation of the property.

As to Tract 31–6104, no notices of appearance or answers to the United States' condemnation complaint were filed. On April 8, 1975, the United States filed its motion for summary judgment. The Court granted summary judgment for the United States on April 9, 1975 and determined just compensation to be $19,200.00. After that sum was deposited into the Registry of the Court on April 29, 1975, the Court entered final judgment of condemnation in favor of the United States on May 1, 1975. These funds remain on deposit.

By their various motions, the Wilson petitioners and the Hallisey petitioners now seek to vacate the final judgment of condemnation.

## II. The Wilson Petitioners

■ The petitioners represented by James Wilson include Freeman C. Hatch, III, John A. Ullman, Harrison F. Ullman, Elisabeth U. Welker, Mary Lou S. Levers and Philip Schwind. Each of the Wilson petitioners claim an interest by descent in the property. The Wilson petitioners filed their motion to vacate on April 15, 1981, approximately eight years after the con-

demnation proceedings were commenced and six years after entry of final judgment. All of the Wilson Petitioners, except Philip Schwind, were first represented in this case by Attorney Paul P. Henson, Jr. of Orleans, Massachusetts, and do not dispute having received actual notice, through counsel, of the condemnation proceedings.[5] These petitioners seek to vacate the final judgment of condemnation on the sole ground that "their interests, with the exception of Philip Schwind, were being represented by Attorney Paul P. Henson, late of Orleans, Massachusetts, who was ill and eventually died at the time the judgment was entered by the Court."

Rule 60(b) of the Federal Rules of Civil Procedure provides the means by which one may obtain relief from judgment:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed.R.Civ.P. 60(b). Although the Wilson petitioners do not refer to Rule 60(b) in their motion, at the hearing on this motion held on November 21, 1989, the Wilson petitioners argued that they are pursuing relief from the judgment under subsection (6) of Rule 60(b).[6] Presumably, their argu-

---

5. Philip Schwind, however, who was not formerly represented by Attorney Henson does contend that he did not receive notice of the condemnation proceedings. Schwind seeks to vacate the final judgment of condemnation on the ground that he was deprived of his property without due process in violation of the fifth amendment because the United States failed to serve him with notice of these proceedings. Schwind's motion to vacate thus stands upon different grounds than the motions of the other Wilson petitioners. Because Schwind's claimed lack of notice is identical to the due process claims of the Hallisey petitioners, Schwind's motion to vacate will be addressed in Part III B

of the Court's memorandum wherein the Hallisey petitioner's claims are addressed.

6. The petitioners claim for relief from judgment might be considered to fall within subsection (1) of Rule 60(b), the "excusable neglect" provision. Motions to vacate brought under subsection (1) must be brought not more than one year after the judgment. In this case the petitioners claim more than mere neglect or inadvertence on the part of their attorney. See *Klapprott v. United States,* 335 U.S. 601, 613–14, 69 S.Ct. 384, 389–90, 93 L.Ed. 266, *modified,* 336 U.S. 942, 69 S.Ct. 384, 93 L.Ed. 266 (1949). Rather, the failure of Attorney Henson to represent their interests was

ment is that they should be relieved from operation of the judgment because their attorney, Attorney Henson, failed to adequately represent their interests due to a serious illness which eventually led to his death at approximately the same time that final judgment was entered. In our system of representative litigation, however, the petitioners are bound by the acts and omissions of their lawyer. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 634, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962); *Ojeda–Toro v. Rivera–Mendez*, 853 F.2d 25, 30 (1st Cir.1988). The petitioners voluntarily chose Attorney Henson as their representative in this action, and they cannot now avoid the consequences of the acts or omissions of this freely selected agent. *Link,* 370 U.S. at 633, 82 S.Ct. at 1390; *Ojeda–Toro* at 30.

This Court would generally be sympathetic towards a party who found itself bound by a judgment entered after a hearing at which the party was not represented because its attorney was seriously ill. Yet, although this Court agrees that serious illness and death would ordinarily constitute an extraordinary circumstance justifying relief from judgment, such relief is not warranted under the circumstances in this case. These petitioners had actual notice of the proceedings and were represented by counsel of their choice. This Court does not know whether the petitioners knew of Attorney Henson's illness or not. If they did not know of his illness, they neglected to maintain contact with their attorney and protect their interests. If they did learn of Attorney Henson's illness, they did not secure replacement counsel or otherwise seek to protect their interests. To be sure, they never notified the Court of Attorney Henson's illness and their circumstance. More importantly, after Attorney Henson's death and entry of final judgment of condemnation, the petitioners did nothing for six years. Then, six years after final judg-

ment, they filed this motion to vacate the judgment.

Rule 60(b) provides that motions brought under subsection (6) shall be made within a reasonable time. Under the circumstances in this case, particularly the Wilson petitioners' knowledge of the proceedings and the final judgment, six years after final judgment is not a reasonable time. *See, e.g., Delzona Corp. v. Sacks,* 265 F.2d 157, 159 (3rd Cir.1959) (eighteen months is too long a period to be regarded as a reasonable time, especially where moving parties were in possession of the facts about which they complained). Furthermore, in light of the fact that petitioners did nothing for six years, the illness and death of Attorney Henson does not qualify as a reason justifying relief from judgment for these petitioners. Accordingly, the Wilson petitioners'[7] motion to vacate judgment is both untimely and without merit and should be denied.

### III. The Hallisey Petitioners
#### A. Louise Hatch Meservey

On February 4, 1976, Attorney John D. Hallisey filed an appearance in this action on behalf of Louise Hatch Meservey, who claims to be the granddaughter of Susan F. Hatch, once holder of record title to the property. On January 12, 1981, petitioner Meservey filed a petition to determine title as to the property. On February 23, 1981, Meservey brought this motion to vacate summary judgment and to vacate and supersede final judgment in condemnation, claiming that she was denied her right to due process under the fifth amendment because the United States failed to serve her with notice of the condemnation proceedings and that she thus did not have the opportunity to appear in these proceedings and protect her interest in the property. Meservey's motion was brought approximately five years and ten months after entry of final judgment of condemnation.

---

a result of the extraordinary circumstance of a serious illness which led to Attorney Henson's death. Because of this extraordinary circumstance and disregarding the petitioners own neglect, this Court will consider the petitioners'

motion under subsection (6) which is governed only by a "reasonable time" limitation. *Id.*

**7.** This reference to the Wilson petitioners does not include Philip Schwind.

■ Petitioner Meservey does not specify the subsection of Rule 60(b) under which she seeks relief from the final judgment of condemnation. Meservey does not even give a reason for her failure to file her motion to vacate prior to February 23, 1981. Assuming that Meservey's failure to file was inadvertent and a result of neglect, this Court considers Meservey's motion pursuant to subsection (1) of Rule 60(b), the "excusable neglect" provision. As previously stated, Rule 60(b) provides that motions to vacate for reasons stated in subsection (1) shall not be brought more than one year after the judgment. Meservey clearly had notice of the proceedings and of final judgment because she appeared in the action on February 4, 1976, less than one year after entry of judgment. Meservey thus had an opportunity to bring her motion to vacate within one (1) year after the judgment. Accordingly, because petitioner Meservey brings this motion over five years after entry of judgment, her motion is untimely and should be denied.

## B. The Subsequent Hallisey Petitioners and Philip Schwind

On January 11, 1982, Attorney Hallisey appeared on behalf of eight petitioners by filing a motion to vacate judgment identical to the motion filed by petitioner Meservey. These eight petitioners include Antoinette Raymond Bitsoli, Marion Raymond Des-Barres, Norman Clark Raymond, II, Dorothy Walcott Raymond, Nancy Raymond McWeeney, Wendy Raymond Brennan, Judy Raymond Buehner, and Henry T. Raymond, III. This was the first appearance of these eight petitioners in this action.

On February 5, 1982, Attorney Hallisey appeared on behalf of an additional nine petitioners when he filed a motion to vacate judgment on their behalf which also stated that it was to supplement similar motions filed on behalf of Louise Hatch Meservey and Antoinette Raymond Bitsoli, et al. These additional nine petitioners include Harold A. McHenry, Clarice O. McHenry Rice, Barbara Hatch Farrell, Ross Riepert Hatch, Jean Elsa Groover, Wilma M. Cole Nickerson, David Loomis, Malcolm Loomis, and Pauline Dustin Hatch. This was the first appearance of these nine petitioners in this action.

The Hallisey petitioners brought their motions approximately six years and nine months after entry of final judgment of condemnation. In their motions and supporting memoranda, the Hallisey petitioners all argue that they were deprived of their property without due process of law in violation of the fifth amendment. The petitioners contend that the United States failed to conduct a reasonably diligent search of the records to ascertain their identities before resorting to notice by publication, as required by Rule 71A of the Federal Rules of Civil Procedure. They further argue that the United States' notice by publication was inadequate to apprise them of the pending condemnation proceedings.

Philip Schwind, represented by Attorney Henson, first appeared in this action on April 15, 1981, when he filed his motion to vacate. Petitioner Schwind thus brought his motion to vacate almost six years after entry of final judgment of condemnation. In his motion, petitioner Schwind simply claims, without offering any explanation or supporting memorandum, that he did not receive notice of the proceedings and was unrepresented at the time.

■ Neither the Hallisey petitioners nor petitioner Schwind mentioned Rule 60(b), the avenue for relief from a judgment, in their motions; at the hearing on their motions, the petitioners merely argued that they should not be bound by the one-year limitation of Rule 60(a), even if petitioner Meservey was so limited. Judging from this argument, the petitioners appear to have brought their motions to vacate pursuant to Rule 60(b)(6) which is governed only by the reasonable time, and not the one-year, limitation.

Considering the petitioners' motions under subsection (6) of Rule 60(b) and applying the reasonable time limitation for the bringing of these motions, this Court is counseled by the principle that subsection (6) relief "is reserved for extraordinary

cases in which the unusual circumstances justify a party's delay." *United States v. Baus*, 834 F.2d 1114, 1121 (1st Cir.1987) (quoting *United States v. Berenguer*, 821 F.2d 19, 21 (1st Cir.1987)). Moreover, when considering whether a party's delay is justified, the Court must necessarily rely on the allegations of the parties and, for the purposes of such a decision, must accept undenied factual allegations as true. *See Klapprott v. United States*, 335 U.S. 601, 615, 69 S.Ct. 384, 390, 93 L.Ed. 266, *modified*, 336 U.S. 942, 69 S.Ct. 384, 93 L.Ed. 266 (1949); *Baus*, 834 F.2d at 1122.

In this case, however, the Hallisey petitioners and petitioner Schwind have offered no explanation to this Court for their delays of approximately seven and six years, respectively, in filing their motions to vacate. Thus, this Court has no basis upon which to make a determination of whether the petitioners' delays were justified and whether their motions were brought within a reasonable or unreasonable time. Although the petitioners have contended that they did not receive notice of the condemnation proceedings because notice by publication was inadequate, they have never alleged that they did not have knowledge of the final judgment in this case until a short time before they appeared in this action and filed their motions to vacate. The petitioners have never told this Court when they became aware of the condemnation proceedings, when they learned of the final judgment of condemnation, or even when Attorney Hallisey, or Attorney Wilson in the case of Schwind, began to represent them. Without any such information or reason for delay from the petitioners, to assume that the reason for the six and seven year delays was lack of knowledge of the judgment would engage this Court in unsupported speculation. This Court refuses to decide these motions upon such speculation. Accordingly, because these Hallisey petitioners and petitioner Schwind have failed to give this Court any reason for their seven and six year delays, and in the interest of the finality of judgments, this Court finds that these petitioners failed to bring their motions within a rea-sonable time as required by Rule 60(b), and their motions should thus be denied.

Order accordingly.

### ORDER

In accordance with the memorandum filed this date, it is ORDERED:

1. The motion to vacate summary judgment by Freeman C. Hatch, III, John A. Ullman, Harrison F. Ullman, Elisabeth U. Welker, Mary Lou S. Levers, and Philip Schwind is denied.

2. The motion to vacate summary judgment and the motion to vacate and supersede final judgment in condemnation of Louise Hatch Meservey is denied.

3. The motion to vacate summary judgment and the motion to vacate and supersede final judgment in condemnation of Antoinette Raymond Bitsoli, Marion Raymond DesBarres, Norman Clark Raymond, II, Dorothy Walcott Raymond, Nancy Raymond McWeeney, Wendy Raymond Brennan, Judy Raymond Buehner, and Henry T. Raymond, III is denied.

4. The motion to vacate summary judgment and the motion to vacate and supersede final judgment in condemnation by Harold A. McHenry, Clarice O. McHenry Rice, Barbara Hatch Farrell, Ross Riepert Hatch, Jean Elsa Groover, Wilma M. Cole Nickerson, David Loomis, Malcolm Loomis, and Pauline Dustin Hatch is denied.