972 F.2d 337
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Vincent F. ZARRILLI, Debtor,
Vincent F. Zarrill, Petitioner, Appellant,
v.
Norman J. Darish, Respondent, Appellee.
 No. 91-2201.
 United States Court of Appeals,
First Circuit.
 July 29, 1992
 
 Appeal from the United States District COurt for the District of Massachusetts
 Vincent F. Zarrilli on brief pro se.
 Norman J. Darish, brief for appellee.
 D.Mass.
 AFFIRMED.
 Before Selya, Circuit Judge, Campbell, Senior Circuit Judge, and Cyr, Circuit Judge.
 Per Curiam.
 
 
 1
 Pro se appellant Vincent Zarrilli filed a petition in the bankruptcy court for debt adjustment under Chapter 13 of the federal bankruptcy laws. In the course of that action, he brought an adversary proceeding against the appellee, Norman Darish, alleging that Darish had violated the Bankruptcy Code's automatic stay provision. The bankruptcy court dismissed both the core Chapter 13 petition and the adversary proceeding.
 
 
 2
 Zarrilli then appealed the dismissals to the district court. He had previously asked the bankruptcy judge to consolidate the core petition and the adversary proceeding, but the judge, having already dismissed both matters, instead forwarded the motion to consolidate to the district court. The appeals were docketed in the district court on June 19, 1990. Under Bankruptcy Rule 8009(1), Zarrilli was required to file his brief within fifteen days-by July 5, 1990. But Zarrilli decided to defer filing a brief until the district court ruled on the motion to consolidate. He did not consult the court about his decision, nor did he ask for an extension of time. On July 13, 1990, the district court granted the motion to consolidate and then dismissed the consolidated action on the ground that Zarrilli not filed a brief within the time limit prescribed by Rule 8009(1).
 
 
 3
 Zarrilli appealed to this court, and we affirmed the dismissal. In re Vincent F. Zarrilli, No. 90-2052 (1st Cir. May 23, 1991) (per curiam). One might have thought that our decision would end the matter, but Zarrilli returned to the district court and filed a "motion to vacate," which in substance was a motion for relief from judgment under Fed. R. Civ. P. 60(b). This was followed by a motion to reconsider the denial of the motion to vacate, and then a motion to reconsider the denial of the motion to reconsider.
 
 
 4
 Zarrilli's various district court filings assert three grounds for relief from judgment. First, Zarrilli, echoing the position he had taken in his previous appeal to this court, claimed that he had not filed a brief in the district court because he mistakenly thought that the pendency of his motion to consolidate "constructively stayed the time for filing the brief." Second, Zarrilli claimed that his failure to file was excusable neglect because (a) in March 1990, his home and business had been destroyed by fire, an event which "vastly increase[d]" his work load, and (b) between May and August 1990, he suffered "many medical problems." Justified mistake and excusable neglect would be grounds for relief from judgment under Rule 60(b)(1). Finally, in his motion to reconsider the denial of his motion to reconsider, Zarrilli added a ground for relief from judgment under Rule 60(b)(2): "newly discovered evidence" consisting of a stenographer's bill for a transcript which Zarrilli claims was "critical" to his case. The bill was dated July 6, 1990 (the day after the brief was due) and, we take it, therefore suggests that Zarrilli did not receive the transcript in time to prepare and deliver an effective brief before the deadline.
 
 
 5
 When the district court denied the initial motion to vacate, it first expressed doubt that it had "jurisdiction to vacate" a judgment already affirmed on appeal. But, the court ruled, it "would deny this motion on the merits in any case." We need not decide the jurisdictional issue because it is clear to us that the district court would not have abused its discretion by denying the motion to vacate on the merits. See Ojeda-Toro v. Rivera-Mendez, 853 F.2d 25, 28-29 (1st Cir. 1988) (treatment of Rule 60(b) motion committed to discretion of district court).
 
 
 6
 As to the merits, we disposed of Zarrilli's "mistake" argument in our previous opinion when we said that his decision to wait "for the district court to act on his motion to consolidate is irrelevant, since he [was aware that his appeal had been docketed yet] never even moved in the district court for an enlargement of time." In re Vincent F. Zarrilli, supra, slip op. at 7. Zarrilli's other asserted grounds for relief from judgment suffer from the same flaw. Because the fire occurred several months before the appeal was docketed, and because Zarrilli's allegations of illness were unspecific and unsupported, the district court was entitled to conclude that Zarrilli's illness and dislocation did not excuse his failure to take the minimal and obvious step of having asked the court to extend the time for filing a brief-even though those circumstances might have been good cause to grant such an extension had Zarrilli made a timely request.
 
 
 7
 Similarly, Zarrilli's need for a particular undelivered transcript might have been a reason to give him an extension, had he asked for one. But Zarrilli did not ask for an extension and we fail to see how his "newly discovered evidence" provides an excuse for his failure to do so. The belated discovery of the stenographer's bill is beside the point. If Zarrilli did not have the transcript on July 5, he surely knew it at the time, and if the transcript actually was necessary to his preparation of the brief, he could and should have informed the district court.
 
 
 8
 Affirmed. Double costs to appellee.