USCA1 Opinion

 

 June 5, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1161  YASAMIN PAKIZEGI, Plaintiff, Appellant, v. FIRST NATIONAL BANK OF BOSTON, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Nathaniel M. Gorton, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Stahl, Circuit Judges. ______________ ____________________ Yasamin Pakizegi on brief pro se. ________________ Robert B. Gordon, Richard P. Ward and Ropes & Gray on brief for ________________ ________________ ____________ appellee. ____________________ ____________________ Per Curiam. Appellant Yasamin Pakizegi appeals ___________ from the denial of her motion for relief from judgment filed under Fed. R. Civ. P. 60(b)(3). "[T]he treatment of a Rule 60(b) motion is committed to the discretion of the district court and may be reversed only upon a finding of an abuse of that discretion." Ojeda-Toro v. Rivera-Mendez, 853 F.2d 25, 28 (1st Cir. 1988). __________ _____________ We find an abuse of discretion if we become convinced that "the court below committed a clear error of judgment in the conclusion it reached upon a weighing of all the relevant factors." United States v. Boch Oldsmobile, Inc., 909 F.2d ______________ _____________________ 657, 660 (1st Cir. 1990). Finally, our review is confined to the denial of the Rule 60(b) motion; we do not treat the merits of the underlying judgment. Ojeda-Toro, 853 F.2d at __________ 28. Rule 60(b)(3) allows relief from judgment for "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Appellant alleges that appellee First National Bank of Boston (the "Bank") made numerous misrepresentations of fact in its motion for summary judgment on appellant's claim that her employment at the Bank was terminated based on her national origin (Iranian) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq. To prevail on her Rule 60(b)(3) __ ____ motion, appellant must show that these alleged misrepresentations prevented her from "fully and fairly" presenting her defense to the summary judgment motion. See ___ In re M/V Peacock, 809 F.2d 1403, 1404-05 (9th Cir. 1987). __________________ Misrepresentations can have this effect only when a party did not have knowledge of the alleged inaccuracies or access to information which could have resulted in this knowledge at the time of the alleged misconduct. Ojeda-Toro, 853 F.2d at __________ 29. In support of her claim that the Bank made misrepresentations of fact in the motion for summary judgment, appellant points to the documents submitted by the Bank in support of the motion and the documents she submitted in opposition to the motion. Indeed, appellant specifically states in her brief on appeal that she brought the alleged misrepresentations to the attention of the district court prior to its grant of summary judgment. ________ "Even where misrepresentations are made during a litigation, it is not an abuse of discretion to deny relief to the losing party under Rule 60(b)(3), where the party had access to accurate information." 7 J. Moore & J. Lucas, Moore's Federal Practice 60.24[5], at 90 (2d ed. Supp. _________________________ 1994-95) (footnote omitted). Because appellant already had presented her position to the district court, we cannot say that the Bank's supposed misrepresentations prevented her -3- from fully presenting her case. See In re M/V Peacock, 809 ___ _________________ F.2d at 1405. Thus, the court did not abuse its discretion in determining that appellant could not rely on the Bank's alleged fraud as a reason for relief from judgment under Rule 60(b)(3). We therefore need not reach the question whether appellant's Rule 60(b)(3) motion was filed within a reasonable time. The judgment of the district court is affirmed and ________ appellant's request for oral argument is denied. ______ -4-