70 F.3d 1252
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Peter N. GEORGACARAKOS, Plaintiff, Appellant,
v.
UNITED STATES of America, Defendant, Appellee.
 No. 95-1172.
 United States Court of Appeals, First Circuit.
 Nov. 29, 1995.
 
 Peter N. Georgacarakos on brief pro se.
 Jay P. McCloskey, United States Attorney, and Michael M. DuBose, Assistant United States Attorney, on Memorandum for Summary Disposition, for appellee.
 Before SELYA, STAHL and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant Peter N. Georgacarakos appeals from the denial of his motion for relief from judgment filed under Fed.R.Civ.P. 60(b).
 
 
 2
 "[T]he treatment of a Rule 60(b) motion is committed to the discretion of the district court and may be reversed only upon a finding of an abuse of that discretion." OjedaToro v. Rivera-Mendez, 853 F.2d 25, 28 (1st Cir.1988). We do not review the merits of the underlying judgment. Id.
 
 
 3
 Because appellant claims that the government engaged in fraud in opposing his motion to vacate his sentence, see 28 U.S.C. Sec. 2255, we treat the motion for relief from judgment as having been filed under Rule 60(b)(3). This Rule allows such relief for "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." To prevail under Rule 60(b)(3), appellant must show that the alleged fraud prevented him from "fully and fairly" presenting his claims in support of the Sec. 2255 motion. See In re M/V Peacock, 809 F.2d 1403, 1404-05 (9th Cir.1987).
 
 
 4
 Fraud can only have this effect when a party had no knowledge of the alleged misrepresentations at the time the supposed fraud took place. Ojeda-Toro, 853 F.2d at 29. In support of his claim that the government committed fraud by submitting the affidavit of appellant's trial counsel, appellant refers to the transcript of his trial. "Even where misrepresentations are made during a litigation, it is not an abuse of discretion to deny relief to the losing party under Rule 60(b)(3), where the party had access to accurate information." 7 J. Moore & J. Lucas, Moore's Federal Practice p 60.24, at 90 (2d ed. Supp.1994-95) (footnote omitted). Because appellant had access to the trial transcript during the course of the Sec. 2255 proceedings, he was not prevented from fully presenting his case. See In re M/V Peacock, 809 F.2d at 1405.
 
 
 5
 We therefore affirm the judgment of the district court. See 1st Cir. R. 27.1.