USCA1 Opinion

 

 November 29, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1172  PETER N. GEORGACARAKOS, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ____________________ Before Selya, Stahl and Lynch, Circuit Judges. ______________ ____________________ Peter N. Georgacarakos on brief pro se. ______________________ Jay P. McCloskey, United States Attorney, and Michael M. DuBose, ________________ _________________ Assistant United States Attorney, on Memorandum for Summary Disposition, for appellee. ____________________ ____________________ Per Curiam. Appellant Peter N. Georgacarakos ___________ appeals from the denial of his motion for relief from judgment filed under Fed. R. Civ. P. 60(b). "[T]he treatment of a Rule 60(b) motion is committed to the discretion of the district court and may be reversed only upon a finding of an abuse of that discretion." Ojeda-Toro v. Rivera-Mendez, 853 F.2d 25, 28 (1st Cir. 1988). __________ _____________ We do not review the merits of the underlying judgment. Id. ___ Because appellant claims that the government engaged in fraud in opposing his motion to vacate his sentence, see 28 U.S.C. 2255, we treat the motion for ___ relief from judgment as having been filed under Rule 60(b)(3). This Rule allows such relief for "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." To prevail under Rule 60(b)(3), appellant must show that the alleged fraud prevented him from "fully and fairly" presenting his claims in support of the 2255 motion. See ___ In re M/V Peacock, 809 F.2d 1403, 1404-05 (9th Cir. 1987). _________________ Fraud can only have this effect when a party had no knowledge of the alleged misrepresentations at the time the ________________ supposed fraud took place. Ojeda-Toro, 853 F.2d at 29. In __________________________ __________ support of his claim that the government committed fraud by submitting the affidavit of appellant's trial counsel, appellant refers to the transcript of his trial. "Even where misrepresentations are made during a litigation, it is not an abuse of discretion to deny relief to the losing party under Rule 60(b)(3), where the party had access to accurate information." 7 J. Moore & J. Lucas, Moore's Federal _______________ Practice 60.24[5], at 90 (2d ed. Supp. 1994-95) (footnote ________ omitted). Because appellant had access to the trial transcript during the course of the 2255 proceedings, he was not prevented from fully presenting his case. See In re ___ _____ M/V Peacock, 809 F.2d at 1405. ___________ We therefore affirm the judgment of the district ______ court. See 1st Cir. R. 27.1. ___ -3-