ROGER EDWARDS, LLC, Plaintiff,

v.

FIDDES & SON, LTD., Defendant.

No. 02–105–P–DMC.

United States District Court, D. Maine.

Jan. 26, 2005.

Thomas F. Hallett, Law Office of Thomas F. Hallett, Portland, ME, for Plaintiff.

David Soley, Ronald W. Schneider, Jr., Bernstein, Shur, Sawyer & Nelson, Portland, ME, for Defendant.

## MEMORANDUM DECISION ON PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT[1]

DAVID M. COHEN, United States Magistrate Judge.

Judgment was entered against the plaintiff on its claims and in favor of the defendant on its counterclaim on July 24, 2003 (Docket No. 88), in accordance with the verdict of a jury following trial (Docket No. 86). On July 22, 2004 the plaintiff filed a motion for relief from the judgment pursuant to Fed.R. Civ. P. 60(b)(3) and (6). Plaintiff's F.R.Civ.P. 60(b) Motion for Relief From Judgment (Docket No. 98) at 1. Because the plaintiff's appeal was then pending before the First Circuit, the motion could not be considered at that time. After the First Circuit's mandate denying the appeal was issued on November 24, 2004 (Docket No. 102), the motion was properly before this court and briefing continued in accordance with this court's local rules. The motion is now ready for determination. I deny the motion.

### I.  Applicable Legal Standard

■ The motion invokes Fed.R.Civ.P. 60(b)(3) and (6), which provide:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed.R.Civ.P. 60(b). "[C]lause (6) is designed as a catchall, and a motion thereunder is only appropriate when none of the first five subsections pertain." *Cotto v. United States*, 993 F.2d 274, 278 (1st Cir.1993). A "reasonable time" for a motion made on one of the five enumerated grounds may be less than a year, depending on the circumstances. *Id.* at

280. The movant must also "make a suitable showing that he or she has a meritorious claim or defense." *Id.* "The moving party must demonstrate fraud by clear and convincing evidence and must show that the fraud foreclosed full and fair preparation or presentation of its case." *Perez–Perez v. Popular Leasing Rental, Inc.*, 993 F.2d 281, 285 (1st Cir.1993).

> [F]raud on the court occurs[ ] where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense.

*Id.* (internal punctuation and citation omitted). "[O]nce the record evidence demonstrates a 'colorable' claim of fraud, the court may exercise its discretion to permit preliminary discovery and evidentiary proceedings." *Pearson v. First NH Mortgage Corp.*, 200 F.3d 30, 35 (1st Cir.1999).

### II.  Discussion

■ It is not clear whether the plaintiff seeks relief from the jury's verdict that the defendant did not breach its contract with the plaintiff, its verdict in favor of the defendant on the counterclaim, or both. The plaintiff argues that the defendant "provided inaccurate information to the Plaintiff and authorities" "[e]ach time [it] completed Shipper's Certificate, Merchandise Safety Data Sheet (MSDS) or the like." Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Relief from Judgment ("Memorandum") (attached to Docket No. 98) at 13. This, the plaintiff asserts, constituted "substantial interference," entitling it to relief under Rule 60(b)(3). *Id.* The plaintiff also contends that counsel for the defendant "made two false and misleading representations to this court in an effort to avoid an adverse judgment," *id.* at 10, specifically that counsel represented that the defendant "was in compliance with all pertinent U.S. laws" and that it was the plaintiff's "obligation to

---

1. Pursuant to 28 U.S.C. § 636(c), the parties have consented to have United States Magistrate Judge David M. Cohen conduct all proceedings in this case.

ensure that all merchandise imported by Plaintiff complied with labeling, safety and permitting requirements," *id.* at 9–10.

With respect to the alleged fraud of the defendant, the plaintiff contends that it "withdrew its revocation" of acceptance of the goods sold to it by the defendant "well after the close of discovery" "based on Defendant's representation of compliance." *Id.* at 2. The plaintiff asserts that it could not establish at that time that the defendant's representation was fraudulent because the defendant "made repeated assertions" that "the goods met all U.S. requirements" and submitted an affidavit to the court on February 10, 2003 to that effect. *Id.* at 2–3. "During the spring of 2003," Larry Mann, the plaintiff's principal, "contacted the DOT to determine if Fiddes was in compliance" with such requirements. *Id.* at 4. "On September 23, 2003, after the trial ended, Plaintiff obtained evidence that the Department of Transportation determined that Fiddes' products were not in compliance with statutory requirements, and therefore unable to enter the stream of commerce." *Id.* at 5. The plaintiff has submitted the affidavit of Henry S. Woods, III, dated July 21, 2004, stating that he observed 126 violations of HAZMAT regulations on containers of the defendants' products in the plaintiff's possession and that this constituted fraud by the defendant. Affidavit (Docket No. 99) ¶¶ 8, 10.

The complaint cannot reasonably be read to base any of its claims on any alleged failure by the defendant to comply with product labeling requirements. Complaint (included in Docket No. 1). Accordingly, I address these arguments only in the context of the plaintiff's defense to the counterclaim.

The plaintiff does not attempt to explain why it could not have engaged Woods to review the packing of the defendant's product in the plaintiff's possession "during the spring of 2003," before trial was held. In fact, as the summary judgment record made clear, the defendant began selling goods to the plaintiff on September 4, 2000, Memorandum Decision on Defendant's Motion for Summary Judgment, etc. ("Summary Judgment Decision") (Docket No. 36) at 3, and the plaintiff took the position that those goods

"lack[ed] certification necessary to continue in U.S. commerce trade" when it submitted its opposition to the motion for summary judgment on December 23, 2002, Plaintiff's Statement of Material Facts in Dispute ("Plaintiff's SMF") (Docket No. 30) ¶ 34 and Affidavit of Larry Mann (Docket No. 31) ¶ 7. From all that appears, Woods could have reviewed the defendant's packaging at that time. The defendant's representation on December 16 or 17, 2002 that it had not violated any laws with respect to the packaging of its products, which is the alleged misrepresentation on which the plaintiff relies, Memorandum at 2 & Exh. 4 thereto, occurred before the plaintiff submitted its opposition to the motion for summary judgment in which it took the position that the defendant's products lacked the necessary certification. The plaintiff clearly relied on its asserted revocation of acceptance of those goods in opposing *the motion for summary judgment.* Summary Judgment Decision at 15. Yet it now takes the position that it withdrew that revocation on December 17, 2002, Memorandum at 2 & Exh. 5 thereto, before it submitted to the court materials stating otherwise. It appears that it is the plaintiff which may have made a material misrepresentation to the court.

In any event, whether the defendant wrongfully induced the plaintiff to withdraw its attempted revocation of acceptance of the goods is immaterial for purposes of the instant motion. I have already held that the revocation came too late as a matter of law to be effective. Summary Judgment Decision at 17. The plaintiff could not have pursued that defense to the counterclaim even if the alleged misrepresentation on which it relies had been made as it contends it was made.

I now turn to the misrepresentations alleged to have been made by the defendant's counsel. The plaintiff identifies the defendant's response to paragraph 34 of its statement of material facts submitted in opposition to the defendant's motion for summary judgment and a statement included in the defendant's motion for summary judgment as the instances of such misrepresentation. Memorandum at 9, 11. Paragraph 34 of the plaintiff's statement of material facts provid-

ed: "The product lacks certification necessary to continue in U.S. commerce trade." Plaintiff's SMF ¶ 34. The defendant's response, in relevant part, stated: "The Defendant qualifies the Plaintiff's SMF ¶ 34 by stating that Fiddes expressed its refusal to recognize the Plaintiff's attempt at revocation and confirmed that Fiddes' goods complied with U.S. laws," citing the affidavit of Robert Fiddes Gooding and an exhibit thereto. Defendant's Reply to Plaintiff's Statement of Additional Facts in Dispute (Docket No. 33) ¶ 34. Assuming *arguendo* that repeating the assertions of his or her client in response to a statement of material facts may constitute misrepresentation by the lawyer, whether the substance of this representation was true or false had and could have had no bearing on the outcome of the motion for summary judgment because my decision on that question rested on the untimeliness of the plaintiff's purported revocation of acceptance. The plaintiff offers nothing to even suggest that its revocation would have been made earlier if this alleged misrepresentation had not been made, nor could it make such an argument.

■ For the same reason, even if counsel for the defendant had " 'lulled' the court by implying that the Fiddes' products were not defective" in the defendant's motion for summary judgment, as the plaintiff contends, Memorandum at 11, such an action had no effect on the determination of the motion. I note further, however, that the statement on which the plaintiff relies in no way may reasonably be construed as a misrepresentation to the court. The statement at issue appears in the defendant's motion for summary judgment on damages.

Finally, apart from the fact that Plaintiff has not provided Fiddes with any evidence to support its claims of improper labeling or defective product, Plaintiff failed to act in a timely manner to reject product that he knew or should have known was defective, assuming for the sake of argument that it was defective. Therefore, this Court should grant summary judgment on behalf of Fiddes on Roger Edwards' claim for losses associated with storage or disposal of Fiddes product or, in the alternative, exclude any testimony directed at establishing damages for storage and/or disposal.

Defendant's Motion for Summary Judgment on the Plaintiff's Claim for Damages, etc. (Docket No. 53) at 16. This argument merely asserts that, regardless of the truth or falsity of the plaintiff's contention that the defendant's products were improperly labeled and thus unsaleable in the United States, the defendant is entitled to summary judgment for another reason. The quoted statement is not an assertion that the product was in fact properly labeled. As my ruling on this motion made clear, it was the plaintiff's failure to submit any evidence in support of its claim that the product was improperly labeled that resulted in a ruling in favor of the defendant. Memorandum Decision on Defendant's Motion for Summary Judgment of Damages, etc. (Docket No. 78) at 11–12. I did not reach the substance of the improper-labeling claim.

■ If the plaintiff means to contend that the defendant's alleged misrepresentation in its letter of December 16 or 17, 2002 somehow prevented it from seeking out evidence of improper labeling, such a contention is not supported by the evidence it now presents. As I have already noted, the plaintiff could have consulted Woods before filing its opposition to the second motion for summary judgment on June 20, 2003 (Docket No. 60) but apparently did not do so. The plaintiff had in its possession at that time product identical to that which Woods later found to be mislabeled. Affidavit of Larry Mann (Docket No. 100) ¶ 7. The plaintiff may not now obtain relief from judgment on the basis of evidence that it could have obtained in a timely fashion before trial. *See Ojeda–Toro v. Rivera–Mendez*, 853 F.2d 25, 29 (1st Cir. 1988) (no relief under Rule 60(b) where information allegedly wrongfully withheld by defendant was available to plaintiff by other means). The record establishes that the plaintiff's principal alleged repeatedly before the motions for summary judgment were filed that the defendant's product was mislabeled. The defendant's denial of this charge was not sufficient to absolve the plaintiff from seeking further evidence on this issue

that was readily available to him at that time. It is, after all, the essence of litigation that a defendant denies factual allegations made by a plaintiff. It is nevertheless the plaintiff's burden to prove otherwise; he does not get a second chance to do so after trial has been completed and judgment has been entered against him.

### III. Conclusion

For the foregoing reasons, the plaintiff's motion for relief from judgment is **DENIED**.