**Donald LEPORE, Plaintiff, Appellant,**

v.

**Stuart VIDOCKLER, et al.,
Defendants, Appellees.**

**No. 85–1829.**

United States Court of Appeals,
First Circuit.

Heard May 6, 1986.

Decided June 6, 1986.

---

Regina L. Quinlan, Boston, for plaintiff, appellant.

Nancy Merrick, Asst. Corp. Counsel, City of Boston Law Dept., Boston, for defendants, appellees.

Before BREYER and TORRUELLA, Circuit Judges, and MALETZ,[*] Senior Judge.

MALETZ, Senior Judge.

Donald J. Lepore, an employee of the Budget Division of the City of Boston, appeals from the district court's denial of his second motion for relief from summary judgment entered in favor of Stuart Vidockler, Boston's Budget Director. We affirm.

### I.

In his complaint, Lepore asserted that he had been active in support of the political candidacies of the former mayor of Boston, Kevin H. White. He alleged that he had been demoted within the Budget Division because of his activities on behalf of Mayor White and because he was not affiliated with or sponsored by political supporters of the new mayor, Raymond L. Flynn. Lepore further contended that his demotion was designed to create a vacancy for a supporter of Mayor Flynn, in violation of

the first and fourteenth amendments, as construed in *Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976), and its progeny. In addition to damages, Lepore sought injunctive and declaratory relief.

The district court entered summary judgment in favor of the three defendants named in Lepore's complaint and denied Lepore's two motions for relief from judgment. The first motion, predicated on rule 60(b) of the Federal Rules of Civil Procedure, stated that counsel for Lepore failed to attend the hearing on the summary judgment motion because of mistake and inadvertence. In an indorsement dated August 20, 1985, the district court denied the motion, stating that its memorandum of decision on the summary judgment motion had been dictated in open court after consideration of Lepore's memorandum opposing the motion. Lepore's second motion, which relied on rules 56(f)[1] and 60, included in support of his allegations affidavits of three city employees, Steven Hachikian, Paula Beatty, and James M. Coyle. The district court's October 8, 1985 indorsement stated: "Upon consideration of this motion and defendants' opposition, motion is ordered denied (without hearing oral argument)." This appeal followed.[2]

### II.

Of the six grounds for relief from judgment appearing in rule 60(b), Lepore relies on two: "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)," Fed.R.Civ.P. 60(b)(2), and "any other reason justifying relief from the operation of the judgment," *id.* 60(b)(6). He acknowledges, as he must, that his appeal raises only the order denying his 60(b) motion, not the underlying

---

[*] Of the United States Court of International Trade, sitting by designation.

1. Rule 56(f) provides that the court may order a continuance to permit the party opposing a motion for summary judgment to obtain affidavits, take depositions, or gather discovery. On appeal, Lepore does not argue that the district court erred under rule 56(f); he argues that the court erred under rule 60(b).

2. On this appeal, Lepore does not contest the denial of his motion insofar as it applied to the two defendants other than Vidockler: the City of Boston and Raymond C. Dooley, who was alleged to be Mayor Flynn's campaign manager and subsequently Director of Administrative Services in the Flynn administration.

grant of summary judgment. *See Pagan v. American Airlines, Inc.*, 534 F.2d 990, 992–93 (1st Cir.1976). This is because a 60(b) motion is not a substitute for an appeal. *See Elias v. Ford Motor Co.*, 734 F.2d 463, 467 (1st Cir.1984); *Peacock v. Board of School Commissioners*, 721 F.2d 210, 214 (7th Cir.1983) (per curiam); *see generally Ackermann v. United States*, 340 U.S. 193, 197–99, 71 S.Ct. 209, 211–12, 95 L.Ed. 207 (1950).

Lepore also recognizes that a 60(b) motion is "addressed to the sound discretion of the trial court and will not be overturned absent an abuse of discretion." *Pagan*, 534 F.2d at 993; *accord, e.g., Corey v. Mast Road Grain & Building Materials Co.*, 738 F.2d 11, 12 (1st Cir. 1984) (per curiam); *Mas Marques v. Digital Equipment Corp.*, 637 F.2d 24, 30 (1st Cir. 1980). Since rule 60(b) provides for extraordinary relief, a motion thereunder may be granted only under exceptional circumstances. *See Hoffman v. Celebrezze*, 405 F.2d 833, 835 (8th Cir.1969).

Essentially, Lepore's argument is that the district court abused its discretion in refusing to consider the affidavits of Steven Hachikian and Paula Beatty, which were made a part of the second 60(b) motion.[3] He maintains that the Hachikian and Beatty affidavits, by raising genuine issues of material fact, overcame initial factual deficiencies in his opposition to the summary judgment motion.

Crucially, however, Lepore fails to explain why the Hachikian and Beatty affidavits did not appear until his second motion for relief from judgment. The failure is particularly glaring in view of Lepore's having mentioned Hachikian and Beatty in his affidavit opposing the summary judgment motion, thus indicating that their existence and predicament were not unknown to him. At that point, Lepore did not submit affidavits from Hachikian and Beatty, nor did he seek a continuance to obtain their affidavits or depositions, as permitted by rule 56(f).[4]

As noted above, rule 60(b)(2) deals with *newly discovered* evidence and imposes a due diligence requirement on the moving party. "Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). *Cf. American Elastics, Inc. v. United States*, 84 F.Supp. 198, 198 (S.D.N.Y.1949) (movant referred to "new evidence" rather than "newly discovered evidence"), *aff'd*, 187 F.2d 109 (2d Cir.), *cert. denied*, 342 U.S. 829, 72 S.Ct. 53, 96 L.Ed. 627 (1951).

An unexcused failure to produce the relevant evidence before the entry of judgment is sufficient grounds for denial of a 60(b) motion. *Kentucky Fried Chicken Corp. v. Diversified Packaging Corp.*, 549 F.2d 368, 391 (5th Cir. 1977); *accord Shook & Fletcher Insulation Co. v. Central Rigging & Contracting Corp.*, 684 F.2d 1383, 1385 (11th Cir. 1982). It is difficult to see how the district court abused its discretion when Lepore offered no explanation for the lateness of the Hachikian and Beatty affidavits. *See Union Oil Co. of California v. Service Oil Co.*, 766 F.2d 224, 227 (6th Cir.1985) (no abuse of discretion in denial of 60(b) motion where appellants simply state they tried to reach witness on a number of occasions and failed; appellants did not explain why they did not subpoena witness for deposition before summary judgment hearing); *Mas Marques*, 637 F.2d at 29 (appellant failed to explain why affi-

---

**3.** Lepore's brief does not discuss the third affidavit in the 60(b) motion, that of James Coyle.

**4.** There was no explanation for the lateness of the Hachikian and Beatty affidavits in Lepore's 60(b) motion or in his brief before us. At oral argument, Lepore stated that people are reluctant to come forward with affidavits until they see the consequences of their refusal to do so: in this case, summary judgment in favor of the defendants. We find this explanation wanting, because (1) it ignores Lepore's option to subpoena Hachikian and Beatty to secure their depositions; (2) it seems implausible that reluctant affiants will be more forthcoming after judgment has been entered against the party they can assist; and (3) most important, the explanation should have been given to the district court, rather than at oral argument on appeal.

davit was not presented earlier and did not claim that he discovered further facts only after entry of summary judgment). Because Lepore did not demonstrate that the proffered evidence was newly discovered and because he failed to show due diligence in obtaining that evidence, we hold that there was no abuse of discretion.

Inasmuch as Lepore's motion failed the test of rule 60(b)(2), it also could not pass muster under the catchall provisions of rule 60(b)(6). Lepore did not advance, and we cannot discern, "any other reason justifying relief from the operation of the judgment."

Finally, we do not share Lepore's apprehension regarding the district court's summary disposition of his 60(b) motions. Lepore relies on this court's observation: "Nor does an order issued without a deliberate articulation of its rationale, including some appraisal of the factors underlying the court's decision, allow for a disciplined and informed review of the court's discretion." *Sargeant v. Sharp*, 579 F.2d 645, 647 (1st Cir.1978). According to Lepore, the district court's failure to articulate the reasons for denial of his motions suffers from the vice identified in *Sargeant.* We disagree.

*Sargeant* involved summary denial of attorney's fees to a successful plaintiff in a civil rights action. Since the usual practice is to award attorney's fees to successful civil rights plaintiffs, *see* 42 U.S.C. § 1988 (1982),[5] the unexplained denial of fees was troublesome, and this court remanded. The excerpt from *Sargeant* quoted above relied upon *Farmington Dowel Products Co. v. Forster Mfg. Co.*, 436 F.2d 699, 701 (1st Cir. 1970), which indicated that a district court should articulate its reasons for taking the exceptional step of limiting the maximum attorney's fee ethically permissible in an antitrust action to a figure lower than that provided by the fee agreement.

 Unlike the district courts in *Sargeant* and *Farmington*, the court below did not take an exceptional action. Indeed, because relief from judgment is available only under exceptional circumstances, the district court did what is to be expected. There was ample support for the result reached by the district court, and although an opinion explaining the court's rationale is always welcome, the absence of an opinion gives us no pause in this case. Sound management of judicial resources did not require a district court opinion in this case.

### III.

Accordingly, the judgment of the district court is

*Affirmed.*

---

5. As the Supreme Court has observed, potential liability for fees under section 1988 "can be as significant as, and sometimes even more significant than, ... potential liability on the merits." *Evans v. Jeff D.,* — U.S. —, —, 106 S.Ct. 1531, 1541, 89 L.Ed.2d 747 (1986). Presumably, it is the prevalence of such fee awards that has led the federal government to suggest that it will seek fee waivers in future negotiations of civil rights actions. *See id.* at — n. 12, 106 S.Ct. at 1553 n. 12 (Brennan, J., dissenting).