Juan PARRILLA–LOPEZ,
Plaintiff, Appellant.

v.

UNITED STATES of America,
Defendant, Appellee.

No. 87–1375.

United States Court of Appeals,
First Circuit.

Heard Feb. 4, 1988.
Decided March 4, 1988.

Antonio Gonzalez Geigel, Hato Rey, P.R., for plaintiff, appellant.

Fidel A. Sevillano Del Rio, Asst. U.S. Atty., with whom Daniel F. Lopez–Romo, U.S. Atty., Hato Rey, P.R., was on brief, for defendant, appellee.

Before CAMPBELL, Chief Judge, SELYA, Circuit Judge, and CAFFREY,* Senior District Judge.

CAFFREY, Senior District Judge.

The plaintiff, Juan Parrilla-Lopez, was injured when his vehicle was struck by a car driven by a U.S. Army Sergeant. The plaintiff brought suit under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., seeking damages for physical injury, mental anguish, loss of earnings, and property damage. At trial, the court (Perez–Gimenez, D.J., presiding) refused to allow into evidence testimony regarding mental anguish and mental incapacitation. The plaintiff was found to be 70% at fault, and was awarded damages for physical injuries and for property damage. On appeal, this court held in *Lopez v. United States*, 758 F.2d 806 (1st Cir.1985), that the district court erred in excluding evidence on mental injuries, and remanded the case for a redetermination of damages. At the same time, we affirmed the court's findings as to liability. On remand, the district court (Fuste, D.J., presiding) awarded the plaintiff additional damages for mental anguish. The plaintiff also moved for a new trial. The court denied this motion. The plaintiff now appeals the award for mental anguish and the denial of the motion for a new trial. We affirm the decisions of the court below.

I. Background

In 1977, the plaintiff was using his pick-up truck to push a disabled car along a four lane highway in Rio Grande, Puerto Rico. A U.S. Army Sergeant, driving at excessive speed, crashed into the rear of the plaintiff's vehicle, injuring the plaintiff. The plaintiff then filed a suit in Federal District Court, seeking $850,000 for personal injuries, $2,000 for property damage, and $1.6 million for mental and physical incapacitation, mental anguish, and loss of future earnings.

The court, on the government's motion, reduced the amount of the demand so as to eliminate the $1.6 million on the grounds that the plaintiff had failed to present those claims to the government, as required by the F.T.C.A. Accordingly, the court refused to hear evidence regarding mental damages. At the end of the trial, the court found that the government was 30% liable, and the plaintiff was 70% liable. The court also found much of the appellant's testimony regarding his physical injuries unbelievable. The court found the appellant had suffered $5,000 in damages, and thus awarded him $1,500.[1]

On appeal, this court held that the appellant was entitled to seek damages for mental injuries. The court then remanded the case for determination of mental injuries. On remand, the appellant's evidence consisted of his own testimony, and that of his treating psychiatrist. The government's evidence consisted of the testimony of a clinical psychologist and a neurologist, both of whom examined the appellant. The appellant was described as a person with an intellectual function bordering on mentally retarded. At trial, however, the appellant's testimony was spontaneous and detailed. When asked to comment on the inconsistency between the appellant's lucid testimony and his alleged low IQ, the appellant's expert said that the appellant had good and

---

* Of the District of Massachusetts, sitting by designation.

1. Under Puerto Rican law, the defendant's liability is proportionally reduced by the amount of the plaintiff's own negligence. *See* P.R. Laws Ann. tit. 31, § 5141.

bad days. The government's psychologist was unable to explain the discrepancy.

Based upon the testimony of the appellant and the experts, the court found that the appellant had avoided medical treatment for his initial depression and anxiety in order to seek additional compensation from the defendant. The court concluded, as a result, that not all of the appellant's mental incapacity was attributable to the accident. The court also noted that much of the appellant's apparent disability is the result of the appellant's conscious resistance to accurate diagnosis of his mental condition. Based on the testimony of the witnesses, the court determined that the appellant suffered $16,500 for mental injuries.

In August, 1985, the appellant also filed a motion for relief from the original judgment and a new trial under Fed.R.Civ.P. 60(b). The appellant claimed that a witness who would verify the appellant's version of the accident had been located, and that the whereabouts of this witness was unknown at the time of the trial.[2] The court noted that the witness' name was known to the appellant prior to trial, and that the witness had lived at the same address since 1981. The court denied the appellant's motion on the grounds that the appellant did not state any reason of weight why he did not find the witness earlier.

II. Discussion

A. The Damage Award

The appellant argues that the district court erred in disbelieving the testimony of the appellant's psychiatrist, who categorized the appellant as suffering from severe post traumatic stress disorder. The appellant seems to contend that the District Judge, as a lay person, was not qualified to disbelieve the appellant's expert and to form his own opinion on the mental condition of the appellant.

In challenging a finding of fact, such as the determination of damages, the appellant bears the burden of showing that the finding is clearly erroneous. Fed.R.Civ.P. 52(a); *Santana v. United States*, 572 F.2d 331, 335 (1st Cir.1977). A finding is clearly erroneous when, upon consideration of all the evidence, the reviewing court is left with the definite and firm conviction that a mistake has been committed. *Anderson v. Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1984); *Barbe v. Drummond*, 507 F.2d 794, 796 (1st Cir. 1974). If the district court's finding is plausible in light of the record as a whole, the court of appeals must affirm that finding even though it might have made a different determination. *Anderson*, 470 U.S. at 574, 105 S.Ct. at 1511. Moreover, when the finding is based on determinations of the credibility of witnesses, as here, the trial court's findings must be accorded even greater deference, since credibility determinations depend, to a great extent, upon personal observation of the witness at trial. *Id.* at 575, 105 S.Ct. at 1512.

Based on the somewhat skimpy record provided by the parties, we cannot say that the district court's finding regarding the amount of appellant's damages is clearly erroneous.[3] The evidence on the plaintiff's injury was conflicting. Contrary to the appellant's claim of severe mental incapacitation, the appellant's recitation of the accident was extremely lucid and detailed. The appellee's expert noted that this apparent lucidity was inconsistent with the appellant's alleged degree of mental impairment. There was evidence that the appellant was uncooperative during the psychological evaluations by appellee's experts. Moreover, some of the psychological tests indicated that the appellant's mental capacity was relatively normal. Faced with such conflicting evidence, the court reasonably concluded that the appellant

---

**2.** At trial, the appellant claimed that he had been parked on the shoulder of the road when struck, rather than on the highway itself, as the government successfully argued.

**3.** Under Fed.R.App.P. 10(b), the appellant was required to order a transcript of the trial and include relevant parts of the transcript in the record. The appellant failed to do so. As such, we are forced to rely on the district court's own findings and statements.

was exaggerating the extent of his mental impairment in order to receive greater damages. Therefore, it was not clearly erroneous to reject the testimony of the appellant's expert stating that the appellant suffered from chronic post traumatic stress disorder.

■ Even if the testimony of the appellant's expert was uncontradicted, the court was not required to accept this testimony. *Santana v. United States,* 572 F.2d 331, 335 (1st Cir.1977); *Ramos v. Matson Navigation Co.,* 316 F.2d 128, 132 (9th Cir. 1963). Since the burden of proving damages rested on the appellant, the court could have determined that the appellant's evidence was not credible and thus did not satisfy that burden. *Santana,* 572 F.2d at 335. For these reasons, we hold that the district court did not err in determining the amount of the appellant's damages.

B. The Motion for New Trial

The appellant also urges that the district court erred in not granting his motion for new trial under Fed.R.Civ.P. 60(b)(2) or (6). The appellant argues that the policeman who observed the scene of the accident shortly before and after the accident occurred was only recently located. The witness moved in 1981 from Puerto Rico to New York, where he currently resides. The appellant argues that this witness' testimony will support his version of the accident, which the district court found incredible at trial. In light of this witness' affidavit, the appellant contends, the court should have granted a new trial.

In analyzing this issue, we must bear in mind that the decision to grant a new trial under Rule 60(b) is left to the broad discretion of the trial judge. *United States v. Indelicato,* 611 F.2d 376, 387 (1st Cir.1979); *Lepore v. Vidockler,* 792 F.2d 272, 274 (1st Cir.1986). Moreover, a new trial is extraordinary relief, and as such should only be granted under extraordinary circumstances. *Lepore,* 792 F.2d at 274.

■ The appellant's apparent reliance on Rule 60(b)(2) as grounds for a new trial is misplaced. That section requires newly discovered evidence, as opposed to evidence

that is merely new. *Id.* In order for evidence to be newly discovered, the party seeking a new trial must be unaware of the existence of the evidence before or during the trial. *United States v. 72.71 Acres of Land,* 23 F.R.D. 635, 638 (D.Md.1959), *aff'd* 273 F.2d 416 (4th Cir.1960), *cert. denied* 364 U.S. 818, 79 S.Ct. 319, 3 L.Ed.2d 304; 11 C. Wright and A. Miller, *Federal Practice and Procedure* § 2859 (1973). In this case, the appellant himself admits that he was aware, before trial, of the policeman's identity and knowledge concerning the accident. In preparing for trial, however, the appellant decided that the cost of tracking down the policeman in New York City outweighed the potential benefit of the policeman's live testimony. As such, the policeman's testimony is not newly discovered. Rather, it is evidence that was not presented to the district court because of the appellant's conscious decision on trial strategy. Such evidence is not grounds for a new trial. *United States v. Bransen,* 142 F.2d 232, 235 (9th Cir.1944) (noting that subsequent discovery of the importance of evidence which was in possession of applicant for new trial, at the time of the trial, does not entitle him to a new trial upon the ground of newly discovered evidence).

■ Finally, we note that the policeman's version of the accident was introduced at trial in the form of an official accident report prepared by the policeman. The facts sought to be introduced by the appellant were already before the court. The oral testimony of the policeman would be cumulative, and therefore is not newly discovered evidence. *Trans Mississippi Corp. v. United States,* 494 F.2d 770, 773 (5th Cir.1974).

The appellant also argues that a new trial should have been granted under Fed. R.Civ.P. 60(b)(6), which allows the court to grant a new trial for "any other reason justifying relief from the operation of the judgment." One reason put forth by appellant to justify a new trial is that his counsel erred in not tracking down the policeman and presenting his testimony. The mis-

**20**

takes of his counsel, the appellant argues, should not be visited on him.

The relief for which the appellant is really arguing, however, is for relief under Rule 60(b)(1), which provides for a new trial based upon mistake, inadvertence, surprise, or excusable neglect. The appellant is, in essence, contending that his counsel's failure to track down the police officer and have him testify at trial was excusable neglect on his counsel's part. As noted above, though, the appellant's decision to not trace the officer was a conscious decision to forego the cost of finding the officer. Rule 60(b)(1) was not intended to relieve a litigant from the consequence of such a conscious decision, however unwise the decision may be in retrospect. *Ackermann v. United States*, 340 U.S. 193, 198, 71 S.Ct. 209, 211, 95 L.Ed. 207 (1950); *Lubben v. Selective Service System Local Bd. No. 27*, 453 F.2d 645, 651–52 (1st Cir. 1972); *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C.Cir.1980). As to visiting the consequences of the attorney's decision on the appellant, litigants are generally bound by the acts of their attorneys. *LeBlanc v. Immigration and Naturalization Service*, 715 F.2d 685, 694 (1st Cir.1983). This is true even in cases where a criminal defendant is convicted as a result of his attorney's tactical error. *See, e.g., United States v. Richmond*, 295 F.2d 83 (2d Cir.), *cert. denied*, 368 U.S. 948, 82 S.Ct. 390, 7 L.Ed.2d 344 (1964) (upholding defendant's conviction despite his counsel's failure to object to admission of an unconstitutionally obtained confession); *McNeal v. Wainwright*, 722 F.2d 674 (11th Cir.1984) (upholding defendant's conviction despite his counsel's unauthorized admission during closing argument that the defendant shot the victim). The district court did not err, therefore, in refusing to consider the officer's live testimony as providing grounds for a new trial under Rule 60(b)(1).

The appellant also argues that a new trial should have been granted under Rule 60(b)(6) because the facts indicate that the trial court erred in finding the plaintiff 70% at fault and in disbelieving the plaintiff at the original trial. This argument, however, is merely an attempt to attack the original judgment on its merits. Such an attack is proper in an appeal of the original judgment, but not on an appeal of denial of a 60(b) motion. Rule 60(b) may not be used as a substitute for an appeal. *Lepore*, 792 F.2d at 274. Therefore, the district court did not abuse its discretion in denying the appellant's motion for a new trial.

For these reasons, the judgment of the trial court is AFFIRMED.