990 F.2d 1378
 301 U.S.App.D.C. 108
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Joyce A. WILLIAMS, Appellant,
v.
OFFICE OF FINANCIAL MANAGEMENT, Appellee.
 No. 91-7187.
 United States Court of Appeals, District of Columbia Circuit.
 March 17, 1993.
 
 Before RUTH B. GINSBURG, SILBERMAN and D.H. GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and was briefed and argued by counsel. At the March 5, 1993 hearing before this panel, the court announced from the bench its ruling for appellant. Appropriate disposition of this case does not require a published opinion. See D.C.Cir.Rule 14(c). For the reasons indicated at the oral argument and further explained in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the district court's October 23, 1991 order denying reconsideration be vacated and that the case be remanded with an instruction to grant plaintiff-appellant leave to file an amended complaint naming the District of Columbia as defendant.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b)(2).
 
 ATTACHMENT
 MEMORANDUM
 
 4
 The district court dismissed Joyce Williams' pro se employment discrimination complaint because the named defendant, an agency of the District of Columbia government, was not subject to suit. The issue before us is whether the district court properly denied Williams' second motion for reconsideration of the dismissal order. We hold that the refusal to grant the requested reconsideration was improper. The misnomer here, i.e., Williams' initial designation of the District's agency rather than the District itself as defendant, was a "mistake" or "excusable neglect" of the kind that ineluctably calls for relief under Rule 60(b) of the Federal Rules of Civil Procedure.
 
 
 5
 Williams' original pro se complaint, filed November 15, 1990, named as sole defendant the "Office of Financial Management." The complaint alleged that the Office had taken no action to prevent male co-workers from harassing Williams, who as a result had been forced to resign. Williams sought relief under "the District of Columbia Human Rights Act of 1977 and the Equal Opportunity Employment Rules Governing Complaints of Discrimination in the District of Columbia Government."
 
 
 6
 The named defendant, represented by the D.C. Corporation Counsel, moved to dismiss for lack of federal jurisdiction and because the "Office of Financial Management" is "not a legal entity which may sue or be sued." In her opposition, Williams requested that the complaint be amended to include as a basis for her claim "the Federal Law Title VII of the Civil Rights Act of 1964." In a June 4, 1991 order, the district court denied Williams' request for appointment of counsel and dismissed her complaint on the ground that "the Office of Financial Information Services of the District of Columbia is non sui juris."[1]
 
 
 7
 Nine days later, on June 13, 1991, Williams filed a motion for reconsideration in which she asked "to have the defendant's name changed to 'District of Columbia Government, Office of Deputy Mayor for Finance, Office of Financial Management, Office of Financial Information Services.' " Corporation Counsel responded that "the four entities listed in the requested name change are intended to be one defendant (Office of Financial Information Services). This defendant is non sui juris." Williams next asked, in a July 12, 1991 submission, "that the complaint be amended to state D.C. Government as the defendant." Corporation Counsel, in reply, maintained that Williams' request was moot because her complaint had already been dismissed. Williams then asked again, in a July 22 filing, "that the complaint be amended to state D.C. Government as the defendant."
 
 
 8
 In a July 24, 1991 order, the district court, without reference to Williams' July 12 and July 22 submissions, denied her June 13 motion on the ground that her "requested name change" did not alter "the fact that the defendant is non sui juris." After requesting a time extension in an August 23 motion, Williams tried once more. On September 23, 1991, she filed a second reconsideration motion, this time using the uncluttered caption: "Joyce A. Williams, Pro Se v. D.C. Government." In an attached amended complaint, Williams restated her claim, reciting federal law as its bases, specifically, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. §§ 1983, 1985, 1986.
 
 
 9
 The district court, in an October 23, 1991 order, denied both reconsideration and leave to amend, stating:
 
 
 10
 Plaintiff's current motion does not present new facts or law sufficient to warrant reconsideration of either of the Court's previous Orders. Furthermore, there is no complaint pending to amend.
 
 
 11
 Williams filed a notice of appeal on November 18, 1991. A motions panel of this court ruled her appeal untimely as to the district court's June 4 and July 24, 1991 orders, but timely as to the October 23, 1991 order denying Williams' second motion for reconsideration. See Williams v. Office of Financial Management, Order, No. 91-7187 (D.C.Cir. Aug. 27, 1992).
 
 
 12
 Williams second reconsideration motion falls within the governance of Federal Rule of Civil Procedure 60(b), which provides: "On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order or proceeding" for various reasons, including "(1) mistake, inadvertence, surprise, or excusable neglect[.]" A motion relying on these grounds must be brought within a "reasonable time," not to exceed one year from the entry of the final decision in question. Denial of a motion under Rule 60(b) is reviewable "only for abuse of discretion." Lepkowski v. Department of Treasury, 804 F.2d 1310, 1312 (D.C.Cir.1986).
 
 
 13
 Relief under Rule 60(b)(1) turns on equitable factors, notably, whether any "neglect" was "excusable," and whether the opposing party would be placed at a disadvantage if relief were granted. See, e.g., Bibeau v. Northeast Airlines, Inc., 429 F.2d 212, 213 (D.C.Cir.1970) (dismissal for want of prosecution); see also Amerinational Industries, Inc. v. Action-Tungsram, Inc., 925 F.2d 970, 976-78 (6th Cir.) (default judgment), cert. denied, 111 S.Ct. 2857 (1991). Rule 60(b) relief also requires a showing that the movant has a meritorious claim or defense. See Lepkowski, 804 F.2d at 1314.[2]
 
 
 14
 Williams' case appears to us a paradigmatic one for relief under Rule 60(b) for "mistake" or "excusable neglect." See Spann v. Commissioners of the District of Columbia, 443 F.2d 715, 716 n. 1 (D.C.Cir.1970) ("[T]he liberal spirit of [Rule 60(b) ], together with the basic policy favoring resolution of litigation on the merits requires us to review closely" denials of Rule 60(b) motions that have "preclude[d] consideration of the merits of the controversy."); accord Blois v. Friday, 612 F.2d 938, 940 (5th Cir.1980). Lay pleader Williams' errors[3]--including her failure to take the appropriate courses of refiling or appealing after dismissal of her action--were indeed excusable.[4] She simply wanted to sue her former employer, whatever its proper legal appellation; no hope of tactical advantage could explain her errors. Cf. Parrilla-Lopez v. United States, 841 F.2d 16, 20 (1st Cir.1988). When her action was dismissed, Williams immediately sought to amend her complaint to designate a defendant possessing the occult quality of being "sui juris." After the district court, at Corporation Counsel's urging, read Williams' first attempt to amend her complaint as a mere "name change" rather than a shift in reference to an entity subject to suit, Williams zeroed in, in her second motion for reconsideration, on an unimpeachable title: the "D.C. Government."
 
 
 15
 Williams' misnomer and successive attempts to correct it showed no bad faith, intentional or extreme delay, or other culpable conduct. Cf. Lepkowski, 804 F.2d at 1312-13 (describing extreme and unexplained history of neglect in upholding denial of Rule 60(b) motion). Her conduct, rather, was that of an untutored litigant trying earnestly to navigate legal shoals without guidance of counsel.[5] In light of Williams' dogged efforts to speak the right words, we cannot regard the timing of her September 23, 1991 motion as "unreasonable" within the equitable framework of Rule 60(b).
 
 
 16
 We stress that the District does not plead prejudice from Williams' technical pleading error. The District's Corporation Counsel represented the "Office of Financial Management" from the start; the District's lawyers knew all along that Williams meant to sue her municipal employer, but had unwittingly called that employer by the wrong name. Cf. Fed.R.Civ.P. 15(c). The District's interest in minimizing litigation costs in the long run would have been better served had Corporation Counsel pointed out to Williams the misnomer in her complaint instead of pressing for an instant but unstable dismissal. Cf. Roscoe Pound, The Causes of Popular Dissatisfaction with the Administration of Justice, 29 A.B.A.Rep. 395, 404-06 (1906) (condemning "sporting theory of justice").
 
 
 17
 For the reasons stated, we vacate the district court's October 23, 1991 order and remand the case with instructions to permit Williams to proceed under a promptly filed amended complaint naming the District of Columbia as defendant.
 
 
 
 [1]
 The court noted that Williams' complaint had incorrectly referred to the Office of Financial Information Services as the "Office of Financial Management."
 
 
 [2]
 Corporation Counsel does not contest that, for purposes of Rule 60(b) relief, Williams' employment discrimination claim qualifies as "meritorious." Corporation Counsel, of course, does not concede the viability of Williams' claim once she had made her way over the court's threshold
 
 
 [3]
 Courts have recognized that a litigant's lack of legal representation bears on the propriety of relief under Rule 60(b). See, e.g., Wallace v. McManus, 776 F.2d 915, 916-17 (10th Cir.1985); Falk v. Allen, 739 F.2d 461, 464 (9th Cir.1984); Vindigni v. Meyer, 441 F.2d 376, 377-78 (2d Cir.1971); cf. Haines v. Kerner, 404 U.S. 519, 520 (1972) (pro se complaints properly held to "less stringent standards than formal pleadings drafted by lawyers")
 
 
 [4]
 Corporation Counsel correctly states that a Rule 60(b) motion is not a substitute for an appeal. See Browder v. Director, Illinois Department of Corrections, 434 U.S. 257, 263 n. 7 (1978). Therefore, Rule 60(b) motions seeking relief from judicial "mistakes," when filed after the deadline for an appeal, generally do not qualify for Rule 60(b) relief. See, e.g., Scola v. Boat Frances, R., Inc., 618 F.2d 147, 153-54 (1st Cir.1980). But we do not read Williams' second motion for reconsideration as relying on a "mistake" of the district court. Instead, we view plaintiff's adjudged failure to name a suable defendant--an error she clearly corrected in her September 23, 1991 motion--as the "mistake" or "excusable neglect" warranting relief under Rule 60(b). In that final motion, Williams did not take issue with the court's prior orders; after naming the "D.C. Government," she simply stated that "[t]he technical defect in the original complaint has been corrected."
 
 
 [5]
 Williams succeeded in engaging counsel after the filing, but before the decision, of her second reconsideration motion. The district court's consideration might have been aided had counsel promptly informed that court of his engagement