March 18, 1993 UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 91-1883
No. 92-1394

MORGAN JAMES,

Plaintiff, Appellant,

v.

NEW ENGLAND TELEPHONE AND TELEGRAPH COMPANY, ET AL.,

Defendants, Appellees.

ERRATA SHEET

The opinion of this Court issued on March 9, 1993, is amended as
follows:

Page 2, Footnote 2, line 4: "procedure" should be "Procedure".

Page 4, Footnote 3, line 1: "impartiality" should be
"partiality".

Page 4, Footnote 3, line 7: "impartiality" should be
"partiality".

Page 6, Footnote 5, paragraph 2, line 7: "parties" should be
"parties'".

Page 7, line 9: "both" should be "either".

March 9, 1993
[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 91-1883
No. 92-1394

MORGAN JAMES,

Plaintiff, Appellant,

v.

NEW ENGLAND TELEPHONE AND TELEGRAPH COMPANY, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Joyce L. Alexander, U.S. Magistrate Judge]

Before

Torruella, Cyr and Stahl,
Circuit Judges.

Willie James Wheaton on brief for appellant.

John D. Corrigan, on brief for appellee, New England Telephone

and Telegraph Company.

Per Curiam. This case began in March 1981 with

the filing of plaintiff-appellant Morgan James'

discrimination complaint against the New England Telephone

Company ("NET"), his employer from 1974 to 1983. It

concluded in January 1991 when summary judgment entered in

favor of NET.1 Before us are two companion appeals: the

first purports to appeal from the adverse summary judgment;

the second is from the denial of plaintiff's motion, pursuant

to Fed. R. Civ. P. 60(b), to reconsider. We conclude that

the plaintiff has effectively waived all appellate claims in

the first appeal, find no abuse of discretion in the denial

of the Rule 60(b) motion, and affirm both judgments.

THE SUMMARY JUDGMENT APPEAL

Appellant's brief2 in this appeal argues solely

that later discovered evidence would have shown that a

genuine and material factual dispute existed as to pretext,

McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804 (1973),

1. A magistrate-judge decided the case by agreement of the
parties under 28 U.S.C. 636(c).

2. Only two issues are raised:
(1). Whether the Court below is required to
consider newly discovered evidence pursuant to Rule 60(b) of
the Federal Rules of Civil Procedure, when, with due
diligence, the movant could not have discovered the evidence
at [the] time of the original proceeding.
(2). Whether the newly discovered evidence was of
such a material and controlling nature as to have affected
the outcome of the original proceeding.

precluding summary judgment against him. The brief, filed by

plaintiff's counsel, concedes that:

Appellant did not successfully oppose the
Appellee's Motion for Summary Judgment at court
below because there was evidence that tended to
refute and otherwise contradict Appellee's
witnesses that was not, with due diligence,
available to Appellant when Appellant as Plaintiff
below filed its Motion in Opposition to Summary
Judgment.

Plaintiff-Appellant's failure to supply specific
facts of a genuine and material issue in dispute in
court below was due entirely [to] Plaintiff-
Appellant's inability to obtain all of the needed
affidavits timely, even with diligence; and because
many of the affidavits were not yet discovered.

The brief does not address how the district court's judgment

was in error, or otherwise contend that the plaintiff had, at

the summary judgment stage, established the existence of a

genuine and material issue sufficient to rebut NET's motion.

See Mesnick v. General Electric Co., 950 F.2d 816, 822 (1st

Cir. 1991), cert. denied, 112 S. Ct. 2965 (1992). These, and

other statements filed in this court, indicate that the

appellant has unambiguously waived the right to have the

correctness of the grant of summary judgment in NET's favor

reviewed by this court. Jusino v. Zayas, 875 F.2d 986, 993

n.9 (1st Cir. 1989) (challenges to the lower court's judgment

that are neither briefed or argued are waived); Pignons S.A.

de Mecanique v. Polaroid, 701 F.2d 1, 3 (1st Cir. 1983)

("[A]n appellee is entitled to rely on the contents of an

appellant's brief for the scope of the issues appealed . . .

-3-

."). Nor can plaintiff's pro se attacks3 on the summary

judgment decision, made after the appellee's brief was filed,

extinguish that waiver. See United States v. Nueva, 979 F.2d

880, 885 n.8 (1st Cir. 1992) (appellant may not enlarge the

scope of the issues appealed after initial briefing). Thus,

any challenge to the propriety of summary judgment in favor

of the defendant has been waived.

THE RULE 60(B) APPEAL

The only question presented by this appeal is

whether the district court abused its discretion in deciding

that plaintiff's motion under Fed. R. Civ. P. 60(b) for

relief from summary judgment did not present newly discovered

3. In particular, claims of judicial bias or partiality
must first be addressed to the trial judge. In re Abijoe

Realty Corp., 943 F.2d 121, 126 (1st Cir. 1991); see also

United States v. Chantal, 902 F.2d 1018, 1024 (1st Cir.

1990). At no time during the lengthy proceedings below,
including the request for 60(b) reconsideration, did the
plaintiff suggest partiality, thus effectively immunizing it
from judicial scrutiny. Abijoe Realty, 943 F.2d at 127. The

plaintiff offers no reason why the issue could not have been
put before the trial court. See Playboy Enterprises v.

Public Service Comm., 906 F.2d 25, 40 (1st Cir.), cert.

denied, 111 S. Ct. 388 (1990). No facts or circumstances are

presented that would lead a reasonable person to even
remotely doubt the magistrate's impartiality. Merely issuing
unfavorable rulings, Lisa v. Fournier Marine Corp., 866 F.2d

530, 532 (1st Cir. 1989), or, as here, suggesting that a
party file a particular motion, Noli v. Commissioner, 860

F.2d 1521, 1527 (9th Cir. 1988), or other actions taken by a
judge or a magistrate-judge in his or her judicial capacity
during the course of proceedings cannot form the basis of a
disqualification claim absent a showing of personal bias,
Chantal, 902 F.2d at 1022-23 & n.9 (comparing standards under

28 U.S.C. 144 and 455), an assertion not made here.

-4-

facts. Because of the clear and thorough disposition by the

magistrate on summary judgment, we do not relate the details

of every claim presented and decided below, and repeat only

those facts and conclusions necessary to decide this appeal.

Plaintiff's employment discrimination complaints

revolve around his demotion due to a speech "problem" which

NET claimed seriously interfered with his ability to

communicate and perform. The plaintiff is a black male who,

admittedly, speaks with a slight Jamacian/West Indian accent

and speech pattern. In support of its motion for summary

judgment NET offered evidence that plaintiff had a speech

defect which caused him, despite speech therapy during the

course of employment, to perform in an unsatisfactory manner.

On motion for reconsideration, filed six months after the

entry of summary judgment against him, plaintiff attempted to

show that newly discovered evidence revealed that the

plaintiff had, in fact, no diagnosed speech defect and that,

consequently, NET's rationale for its decision not to

promote, and to demote, was a pretext for racial

discrimination.4

4. Much of the motion to reconsider, like appellant's
brief, is devoted to arguing the merits of his case against
NET. As this appeal addresses only the order denying the
60(b) motion, and for the reasons discussed earlier, the
merits of the underlying grant of summary judgment are not
before us. See, e.g., Parrilla-Lopez v. United States, 841

F.2d 16, 20 (1st Cir. 1988).

-5-

The "new" evidence supporting plaintiff's Rule

60(b)(2) motion took the form of medical reports which post-

dated the entry of summary judgment in NET's favor and stated

that the plaintiff did not have the particular speech defect

claimed by NET as the reason for its employment decision not

to promote the plaintiff. The reports presented evaluations

based on a series of assessments of plaintiff's speech

patterns that were originally performed in 1978 and 1979, but

which, the plaintiff asserted, were heretofore available only

in illegible handwritten form. The plaintiff professed

knowledge of the reports at the time his opposition to the

motion for summary judgment was filed, but stated that the

records were not, despite diligent efforts to obtain a

"translation", available in legible form at that time due to

difficulty in retrieving the information from the reporting

source. The motion also stated that counsel's illness was a

contributing factor in the inability to properly respond at

the time the summary judgment opposition was filed.5

5. Plaintiff's counsel at the Rule 60(b) stage had entered
the case shortly before NET's motion for summary judgement
was filed. During the prior ten-year history of the case,
plaintiff was represented, at various times, by two other
attorneys, or had appeared pro se.

After NET moved for summary judgment, plaintiff filed
two motions for a continuance of the summary judgment hearing
(each occasioned by the rescheduling of counsel's bone marrow
implant operation); both were granted. In allowing the
second continuance, the magistrate indicated, apparently
taking into account counsel's ill health, that the motion for
summary judgment would be decided on the parties' submissions
some six weeks later. At no time did plaintiff's counsel

-6-

The magistrate refused to grant the motion because,

despite professing earlier knowledge of the evidence, the

plaintiff did not request an extension of time to respond to

the summary judgment motion, Fed. R. Civ. P. 56(f)6, and

could not, given the lengthy history of the case - -

including the allowance of an extremely late opposition to

the motion for summary judgment, make a claim that the

documents now offered were difficult to obtain. The

magistrate concluded that the plaintiff had failed to

demonstrate either that the evidence was newly discovered or

that due diligence could not have uncovered it earlier,

Nickerson v. G.D. Searle & Co., 900 F.2d 412, 417 (1st Cir.

1990), and deemed the motion frivolous. We review the denial

of a Rule 60(b) motion for abuse of discretion, Duffy v.

Clippinger, 857 F.2d 877, 879 (1st Cir. 1988), and cannot

seek an extension of time to file an opposition. Almost two
months after the grant of the second continuance, and three
months after the summary judgment motion was filed,
plaintiff's counsel filed a request for leave to file
plaintiff's opposition, offering ill health and the bone
marrow operation as reason for the delay. The only opposing
affidavit offered was that of the plaintiff. The magistrate
allowed the request and considered the plaintiff's opposition
in the ruling on the summary judgment motion three weeks
later.

6. Rule 56(f) states, in relevant part:
Should it appear. . . that the [opposing] party
cannot . . . present facts . . . essential to
justify the party's opposition, the court may . . .
order a continuance to permit affidavits to be
obtained or depositions to be taken or discovery to
be had or may make such other order as is just.

-7-

find that an error of judgment was committed here. It is

clear that the proffered documents were not newly discovered

since the plaintiff was aware of their existence when NET's

motion for summary judgment was filed. Parrilla-Lopez v.

United States, 841 F.2d 16, 19 (1st Cir. 1988). Nor does the

plaintiff assert that further facts became known after

summary judgment entered. See Mas Marques v. Digital

Equipment Corp., 637 F.2d 24, 29 (1st Cir. 1980). Even if

the documents remained illegible at the time the opposition

was due, Rule 56(c), it was incumbent upon the plaintiff to

make known to the magistrate the existence of any and all

material facts bearing on summary judgment either by

introducing affidavits from the treating sources or otherwise

utilizing the mechanisms of Rule 56(f).

Rule 60(b)(2) also requires the moving party to

show due diligence in order to secure relief from judgment.

The plaintiff's brief argues that the medical records

purporting to show that the plaintiff had no speech or oral

communication problem were unavailable because they were

unreadable and their conclusions had to be reconstructed from

the original speech and language tests performed in 1978 and

1979. However, this falls short of explaining why the

plaintiff did not at least verify the existence of these

records at the time the summary judgment was filed, or apply

for a continuance as provided for in Rule 56(f). Lepore v.

-8-

Vidockler, 792 F.2d 272, 274 (1st Cir. 1986). Given the

lengthy history of the case, including that the magistrate

was clearly indulgent of counsel's difficulties, and mindful

that Rule 60(b) affords "extraordinary relief" available

"only under exceptional circumstances," United States v. One

Urban Lot, 882 F.2d 582-83, 585 (1st Cir. 1989) (citations

omitted), we cannot find an abuse of discretion in refusing

to reconsider summary judgment.7

Accordingly, the judgments of the district court

are affirmed. Appellees' request for an award of double

costs and attorney's fees in the Rule 60(b) appeal is denied.

7. Since relief from judgment under Rule 60(b)(2) requires
that each of four elements be present, Duffy, 857 F.2d at

879, we need not reach appellant's claim that the "new"
evidence would likely change the summary judgment outcome.

-9-