85 F.3d 628
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sean L. HALL; Brent Herring, Plaintiffs-Appellants,
v.
DELAWARE COUNTY SHERIFF'S DEPARTMENT; Delaware County;
Delaware County Board of Commissioners; Fay
Parrott; Merlin Sheets; Roy Jackson,
Defendants-Appellees,
and
Michael Harter, Defendant.
 No. 95-3320.
 United States Court of Appeals, Sixth Circuit.
 May 16, 1996.
 
 Before: SUHRHEINRICH and SILER, Circuit Judges; EDMUNDS, District Judge.*
 PER CURIAM.
 
 
 1
 In this interlocutory appeal under 28 U.S.C. § 1292, plaintiffs Sean Hall and Brent Herring challenge the district court's grant of summary judgment to all but one of the defendants in this action brought pursuant to 42 U.S.C. § 1983.[1] Plaintiffs also appeal the denial of their motion for relief from judgment. For the reasons that follow, we AFFIRM the grant of summary judgment and the denial of plaintiffs' Fed.R.Civ.P. 60(b) motion.
 
 BACKGROUND
 
 2
 Michael Harter is a former deputy sheriff with the Delaware County Sheriff's Department ("Department"). On the morning of February 21, 1993, while on a break from patrol duty, Harter went to an apartment shared by plaintiffs Sean Hall and Brent Herring. Apparently, Harter was looking for his former girlfriend, Rhonda Wandling. Harter allegedly forced his way into the residence and, upon finding Wandling in the bedroom with Herring, assaulted the three occupants of the apartment.
 
 
 3
 On February 23, 1993, the Department notified Harter that his employment was terminated. Harter was later convicted in Ohio state court of burglary, aggravated menacing, and domestic violence.
 
 
 4
 Plaintiffs filed a complaint in federal district court setting forth numerous federal civil rights and state law claims against Delaware County, the Department, the Delaware Board of Commissioners, Commissioner Parrott, Commissioner Sheets, and Commissioner Jackson (collectively, "County Defendants"), and Harter. Among others, plaintiffs alleged a § 1983 claim contending that the County Defendants had failed to adequately train, supervise, or discipline their deputies, and that this failure amounted to a deliberate indifference to plaintiffs' constitutional rights.
 
 
 5
 The County Defendants moved for summary judgment on April 28, 1994. Plaintiffs twice requested extensions of time to file a response, both of which were granted. In their witness list, filed October 7, 1994, plaintiffs listed Richard McHenry and David Weiser, deputies with the Department, as potential witnesses. McHenry and Weiser were deposed on December 27, 1994. McHenry stated, inter alia, that Wandling was among a group of five women who had complained to the Department of harassment by Harter. Weiser stated that he had heard rumors that Harter while on duty would drive around the bars at night looking for Wandling.
 
 
 6
 On December 29, 1994, the district court granted summary judgment to all defendants except Harter on all of plaintiffs' claims. The district court certified this grant of summary judgment as a final order pursuant to Fed.R.Civ.P. 54(b). Plaintiffs moved for relief from judgment pursuant to Fed.R.Civ.P. 60(b) in part on the basis of newly discovered evidence consisting of the deposition testimony of McHenry and Weiser. The district court denied this motion. Plaintiffs appeal both orders as they relate to the § 1983 claim against the County Defendants.
 
 ANALYSIS
 A. Newly Discovered Evidence
 
 7
 Plaintiffs argue that the district court erred in denying their Rule 60(b)(2) motion[2] because the deposition testimony of deputies McHenry and Weiser, obtained two days prior to the entry of summary judgment, constitutes newly discovered evidence warranting relief.
 
 
 8
 We review the denial of a Rule 60(b) motion for abuse of discretion. Manufacturers' Indus. Relations Ass'n v. East Akron Casting Co., 58 F.3d 204, 207 (6th Cir.1995); Williams v. Browman, 981 F.2d 901, 903 (6th Cir.1992). To succeed under Rule 60(b)(2), a "movant must demonstrate (1) that it exercised due diligence in obtaining the information and (2) [that] 'the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment.' " New Hampshire Ins. Co. v. Martech U.S.A., Inc., 993 F.2d 1195, 1200-01 (5th Cir.1993) (footnote and citation omitted).
 
 
 9
 Absent some mitigating factor, a litigant fails to exercise due diligence if he is aware of the existence of a witness and the nature of his testimony but fails to depose the witness before the entry of final judgment. See, e.g., Parrilla-Lopez v. United States, 841 F.2d 16, 19-20 (1st Cir.1988) (holding that deposition testimony of witness not "new evidence" given that the plaintiff decided not to depose witness before trial due to expense). In the case at bar, plaintiffs knew well in advance that McHenry and Weiser had useful information as demonstrated by the fact that plaintiffs listed both deputies as potential witnesses. Plaintiffs argue that they were unaware of the full scope of the information possessed by the deputies until too late. This merely begs the question, namely, why plaintiffs did not depose their own potential witnesses sooner. Further, plaintiffs admit that as early as November 17, 1994, they knew that both deputies could provide relevant evidence regarding prior instances of misconduct by Harter. Nonetheless, plaintiffs failed to depose Weiser or McHenry until December 27, 1994, or, in the alternative, to request a continuance pursuant to Fed.R.Civ.P. 56(f). Plaintiffs offer no excuse for this failure. We conclude that the district court did not abuse its discretion in determining that plaintiffs failed to exercise due diligence in obtaining the depositions of Weiser and McHenry.
 
 B. Remaining Claims
 
 10
 After careful review, we affirm the lower court's rulings with respect to each of plaintiffs' other assignments of error for the reasons stated in district court's opinions dated December 29, 1994, and April 4, 1995.
 
 CONCLUSION
 
 11
 The grant of summary judgment in favor of the County Defendants on plaintiffs' 42 U.S.C. § 1983 claim, as well as the denial of plaintiffs' Rule 60(b) motion, are AFFIRMED.
 
 
 
 *
 The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Of the seven original defendants, only Michael Harter remains in the case at the district court level. Harter is not involved in this appeal
 
 
 [2]
 Fed.R.Civ.P. 60(b) provides in relevant part:
 On motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... for the following reasons: ... (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)....