[NOT FOR PUBLICATION — NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals

## For the First Circuit

———

No. 00-2483

JOSE JIMENEZ COLON ET AL.,

Plaintiffs, Appellants,

v.

BLACK & DECKER (PR) LLC,

Defendant, Appellee.

———

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Héctor M. Laffitte, U.S. District Judge]

———

Before

Selya, Lynch and Lipez,

Circuit Judges.

———

Peter Díaz Santiago, with whom Woods & Woods was on brief, for appellants.
Carl Schuster, with whom María Santiago Ramos and Schuster, Usera, Aguilló & Santiago LLP were on brief, for appellee.

———

June 13, 2001

———

**Per Curiam.**  In this case, the principal plaintiff, a former managerial employee who ostensibly lost his post with Black & Decker (PR) as part of a reduction in force, claims that his age was the real reason behind his ouster.  The plaintiffs — the former employee, his wife, and their conjugal partnership — sued under, inter alia, the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., and in due course, the employer moved for summary judgment, Fed. R. Civ. P. 56(c).  The plaintiffs failed to file an opposition.  The district court nonetheless studied the matter, wrote a thoughtful opinion, and granted the motion for brevis disposition.  Jimenez Colon v. Black & Decker (PR) LLC, Civ. No. 99-1871 (D.P.R. Aug. 9, 2000).

Shortly thereafter, the plaintiffs filed a motion for relief from judgment, Fed. R. Civ. P. 60(b), in which they invoked subsection (1) of the rule and claimed that their failure to oppose the summary judgment motion resulted from excusable neglect.  They averred that they (mistakenly) believed that they had filed a motion to reopen discovery — the motion had, in fact, been filed in a different case — and that this motion would have assured deferral of any consideration of summary judgment.  The defendant objected to the Rule 60(b) motion.

-3-

The district court wrote a second opinion, finding neglect, but also finding an absence of excusatory circumstances. Jimenez Colon v. Black & Decker (PR) LLC, Civ. No. 99-1871 (D.P.R. Oct. 3, 2000). For that reason, the court refused to set aside its earlier judgment. See id. This appeal ensued. In it, the plaintiffs challenge only the court's denial of their Rule 60(b) motion.

We need not tarry. We previously have acknowledged that when a trial judge adroitly takes the measure of a case, applies correct legal standards, and formulates a convincing rationale, "an appellate court should refrain from writing at length to no other end than to hear its own words resonate." Lawton v. State Mut. Life Assur. Co., 101 F.3d 218, 220 (1st Cir. 1996); accord Cruz-Ramos v. Puerto Rico Sun Oil Co., 202 F.3d 381, 383 (1st Cir. 2000); Ayala v. Union de Tronquistas, Local 901, 74 F.3d 344, 345 (1st Cir. 1996); Holders Capital Corp. v. California Union Ins. Co. (In re San Juan Dupont Plaza Hotel Fire Litig.), 989 F.2d 36, 38 (1st Cir. 1993). This is such an instance. The district court's lucid opinion refusing to relieve the plaintiffs from the judgment is unimpugnable. Consequently, we affirm the judgment below substantially on the basis of that opinion.

We add only a few brief comments. First, contrary to the plaintiffs' importunings, the district court followed the appropriate legal regime, see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'shp, 507 U.S. 380, 393-94 (1993); Mirpuri v. ACT Mfg., Inc., 212 F.3d 624, 630-31 (1st Cir. 2000), and, for aught that appears, applied that regime in a sensible fashion. Second, given the many shortcomings in the plaintiffs' position — they took a lackadaisical approach toward discovery; sat for several weeks on the documents that they now say justify further discovery; filed nothing within the allotted period for responding to the defendant's summary judgment motion; and, when they belatedly prepared the motion to reopen discovery, failed to file it in the papers of this case — we scarcely can fault the district court's conclusion that the plaintiffs' neglect was inexcusable.

If more were needed — and we doubt that it is — the standard of review applicable to the denial of a motion which invokes Rule 60(b)(1) is for abuse of discretion. Lepore v. Vidockler, 792 F.2d 272, 273-74 (1st Cir. 1986). In this area, the scope of the court's discretion is considerable. Even if one concedes, favorably to the plaintiffs, that a factfinder might consider their neglect pardonable, there is nothing in the record that either compels such a finding or that undermines the

district court's contrary assessment. There was, therefore, no abuse of the court's wide discretion.

We need go no further. The plaintiffs have not shown an entitlement to relief from the judgment. The order appealed from is, therefore, affirmed.

**Affirmed**.