**Cynthia HENRIQUEZ, Plaintiff**

v.

**Michael J. ASTRUE, Commissioner of Social Security, Defendant.**

**Civil Action No. 05–30289–MAP.**

United States District Court,
D. Massachusetts.

Aug. 9, 2007.

Edward M. Pikula, O'Connor, Martinelli, Cullinan & Pikula, Springfield, MA, for Plaintiff.

Karen L. Goodwin, United States Attorney's Office, Springfield, MA, for Defendant.

*MEMORANDUM AND ORDER WITH REGARD TO PLAINTIFF'S MOTION TO VACATE JUDGMENT (Document No. 16)*

NEIMAN, Chief United States Magistrate Judge.

On April 3, 2007, the court entered judgment in favor of the Commissioner of Social Security ("Commissioner") affirming his decision that Cynthia Henriquez ("Plaintiff") was not disabled from February 13, 2001, to February 23, 2005. Plaintiff has now moved to vacate the court's judgment in light of the Commissioner having found Plaintiff disabled as of September 1, 2005, based on her later application for benefits. Plaintiff was informed of the Commissioner's decision by letter dated February 11, 2007; her attorney avers that he learned of the Commissioner's decision on April 6, 2007. The instant motion to vacate was filed on July 16, 2007. For the reasons which follow, Plaintiff's motion will be denied.

## I. DISCUSSION

Although Plaintiff has not cited any procedural basis for her motion, two provisions of the Federal Rules of Civil Procedure have potential relevance: Rule 60(b)(2) allows relief for consideration of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)" and Rule 60(b)(1) allows relief for "excusable neglect." Neither provision, in the court's opinion, provides sufficient grounds for allowing Plaintiff's motion.[1]

### A. Rule 60(b)(2)

 "Rule 60(b)(2) clearly applies to Social Security disability reviews, despite the absence of a trial by a District Court." *Harden v. Sec'y of Health & Human Servs.*, 1988 WL 26098, at *1 (E.D.N.Y. Mar. 14, 1988) (citing *Mumford v. Bowen*, 814 F.2d 328, 329–30 (7th Cir.1986)). Nonetheless, there are several impediments to Plaintiff's claim for relief from judgment based on "newly discovered evidence." First and foremost, there is no newly discovered evidence. Plaintiff became aware of the Commissioner's approval of her subsequent claim for benefits on or about February 11, 2007, two months *before* this court entered judgment on her original claim. As the First Circuit has explained, "[w]here evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration." *Lepore*, 792 F.2d at 274 (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985)). *See also Navarro v. Fuji Heavy Indus., Ltd.*, 117

F.3d 1027, 1032 (7th Cir.1997) (motion to alter summary judgment could not be based on evidence that was available when court took motion under advisement). Plaintiff's unexcused failure to bring the Commissioner's subsequent decision to the attention of her counsel, let alone this court, before the entry of judgment is grounds enough for denying her relief under Rule 60(b)(2). *See Lepore*, 792 F.2d at 274.

Second, Plaintiff cannot show that she was unable to discover the purportedly new evidence in time to move for a new trial within ten days of this court's April 3, 2007, judgment. *See* Fed.R.Civ.P. 59(b). As indicated, Plaintiff's counsel became aware of the subsequent award on April 6, 2007. That gave Plaintiff at least seven days to file a Rule 59 motion for a new trial.

Third, Plaintiff's motion was not filed within a reasonable time. Although Rule 60(b)(2) has a one-year time limit, the motion must still be filed, by the terms of the rule itself, within a "reasonable" time period under the circumstances. *See Cotto*, 993 F.2d at 280. Neither Plaintiff nor her counsel offers any explanation for delaying until July 16, 2007, in bringing the evidence forward.

### B. Rule 60(b)(1)

 Any claim for Rule 60(b)(1) relief based on excusable neglect must meet a similar fate. Plaintiff herself offers no explanation for the gap in time between learning of the subsequent award (February 11, 2007) and informing her attorney

---

1. To be sure, Rule 60(b) also sets forth a catch-all provision for "any other reason justifying relief," Fed.R.Civ.P. 60(b)(6), but this residual clause is available only when the more specific subparts of the rule do not apply. *See Klapprott v. United States*, 335 U.S. 601, 614–15, 336 U.S. 942, 69 S.Ct. 384, 93 L.Ed. 1099 (1949); *Cotto v. United States*,

993 F.2d 274, 277–78 (1st Cir.1993). *See also Lepore v. Vidockler*, 792 F.2d 272, 274 (1st Cir.1986) ("Since rule 60(b) provides for extraordinary relief, a motion thereunder may be granted only under exceptional circumstances.") (citation omitted). For many of the same reasons described below, Plaintiff does not fall within the ambit of Rule 60(b)(6).

(April 6, 2007). Similarly, Plaintiff is silent as to the reason her counsel waited from April 6, 2007 (within the 10–day period for a Rule 59 motion) to July 14, 2007, to bring the award to the court's attention. Assuming that the delay was due to counsel's commitment to other cases or uncertainty about time periods, "confusion over filing dates and busyness ... hold little water." *Stonkus v. City of Brockton School Department,* 322 F.3d 97, 101 (1st Cir.2003). *See also Torre v. Continental Ins. Co.,* 15 F.3d 12, 15 (1st Cir.1994) (fact that attorney was "preoccupied" with other cases does not meet excusable neglect standard).

## C. *Substantive Concerns*

 Even were the Commissioner's decision brought to the court's attention in conformance with either Rule 60(b)(2) or 60(b)(1), there are several substantive reasons why the court would not abandon its prior decision. First, a subsequent determination which addresses a different time period, as is the situation here, "offers no new *facts* of any relevance" and "is derivative rather than direct." *Evangelista v. Sec'y of Health & Human Servs.,* 826 F.2d 136, 140 (1st Cir.1987) (emphasis in original). *See also Szubak v. Sec'y of Health & Human Servs.,* 745 F.2d 831, 833 (3d Cir. 1984) ("implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied"); *Beliveau v. Apfel,* 154 F.Supp.2d 89, 94 (D.Mass.2001) (new evidence "must be ... 'relevant to the claimant's condition during the time period for which benefits were denied' ") (quoting *Tirado v. Bowen,* 842 F.2d 595, 597 (2d Cir.1988)). Here, the time period addressed by the court in its March 30, 2007 decision ended February 23, 2005. Plaintiff's subsequent application for disability benefits concerns a self-described onset date commencing seven months later, *i.e.,* September 1, 2005.

Second, and relatedly, it appears from an exhibit offered by the Commissioner that Plaintiff was working before September 1, 2005, earning $38,000 per year, and stopped working only because she was laid off on April 9, 2005. Plaintiff does not explain how the court should account for these details in a vacated judgment.

Third, Plaintiff's subsequent claim for benefits included evidence of a heart condition which had not been part of her earlier application. For this reason, too, the subsequent determination of eligibility by the Commissioner is immaterial to the period of time originally at issue before this court. *See Bruton v. Massanari,* 268 F.3d 824, 827 (9th Cir.2001) (subsequent award of benefits which concerned a different time period and different evidence not inconsistent with earlier denial); *Johnson v. Heckler,* 767 F.2d 180, 183 (5th Cir.1985) (reviewing court may not remand for consideration of new evidence showing only that disability commenced after the period at issue).

Finally, Plaintiff's assertion that, given the Commissioner's approval, her subsequent application may contain favorable evidence with regard to the original application is too speculative and falls far short of the conditions for the extraordinary relief she seeks. In this regard, Plaintiff's reliance on *Hess v. Sec'y of Health, Ed. & Welfare,* 497 F.2d 837 (3d Cir.1974), is simply inapposite. There, the physical condition of a *pro se* plaintiff had not been fully developed by the administrative law judge. Here, not only was Plaintiff represented by counsel but, as a reading of this court's March 30, 2007 decision reveals, the record had been fully developed.

## II. CONCLUSION

For the reasons stated, Plaintiff's motion to vacate the judgment is DENIED.

IT IS SO ORDERED.