USCA1 Opinion

 

 March 18, 1993 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 91-1883 No. 92-1394 MORGAN JAMES, Plaintiff, Appellant, v. NEW ENGLAND TELEPHONE AND TELEGRAPH COMPANY, ET AL., Defendants, Appellees. ____________________ ERRATA SHEET The opinion of this Court issued on March 9, 1993, is amended as follows: Page 2, Footnote 2, line 4: "procedure" should be "Procedure". Page 4, Footnote 3, line 1: "impartiality" should be "partiality". Page 4, Footnote 3, line 7: "impartiality" should be "partiality". Page 6, Footnote 5, paragraph 2, line 7: "parties" should be "parties'". Page 7, line 9: "both" should be "either". March 9, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 91-1883 No. 92-1394 MORGAN JAMES, Plaintiff, Appellant, v. NEW ENGLAND TELEPHONE AND TELEGRAPH COMPANY, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Joyce L. Alexander, U.S. Magistrate Judge] ____________________ Before Torruella, Cyr and Stahl, Circuit Judges. ______________ ____________________ Willie James Wheaton on brief for appellant. ____________________ John D. Corrigan, on brief for appellee, New England Telephone _________________ and Telegraph Company. ____________________ ____________________ Per Curiam. This case began in March 1981 with __________ the filing of plaintiff-appellant Morgan James' discrimination complaint against the New England Telephone Company ("NET"), his employer from 1974 to 1983. It concluded in January 1991 when summary judgment entered in favor of NET.1 Before us are two companion appeals: the first purports to appeal from the adverse summary judgment; the second is from the denial of plaintiff's motion, pursuant to Fed. R. Civ. P. 60(b), to reconsider. We conclude that the plaintiff has effectively waived all appellate claims in the first appeal, find no abuse of discretion in the denial of the Rule 60(b) motion, and affirm both judgments. THE SUMMARY JUDGMENT APPEAL THE SUMMARY JUDGMENT APPEAL ___________________________ Appellant's brief2 in this appeal argues solely that later discovered evidence would have shown that a genuine and material factual dispute existed as to pretext, McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804 (1973), ________________________ _____ ____________________ 1. A magistrate-judge decided the case by agreement of the parties under 28 U.S.C. 636(c). 2. Only two issues are raised: (1). Whether the Court below is required to consider newly discovered evidence pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, when, with due diligence, the movant could not have discovered the evidence at [the] time of the original proceeding. (2). Whether the newly discovered evidence was of such a material and controlling nature as to have affected the outcome of the original proceeding. precluding summary judgment against him. The brief, filed by plaintiff's counsel, concedes that: Appellant did not successfully oppose the Appellee's Motion for Summary Judgment at court below because there was evidence that tended to refute and otherwise contradict Appellee's witnesses that was not, with due diligence, available to Appellant when Appellant as Plaintiff below filed its Motion in Opposition to Summary Judgment. Plaintiff-Appellant's failure to supply specific facts of a genuine and material issue in dispute in court below was due entirely [to] Plaintiff- Appellant's inability to obtain all of the needed affidavits timely, even with diligence; and because many of the affidavits were not yet discovered. The brief does not address how the district court's judgment was in error, or otherwise contend that the plaintiff had, at the summary judgment stage, established the existence of a genuine and material issue sufficient to rebut NET's motion. See Mesnick v. General Electric Co., 950 F.2d 816, 822 (1st ___ _______ _____________________ Cir. 1991), cert. denied, 112 S. Ct. 2965 (1992). These, and _____ ______ other statements filed in this court, indicate that the appellant has unambiguously waived the right to have the correctness of the grant of summary judgment in NET's favor reviewed by this court. Jusino v. Zayas, 875 F.2d 986, 993 ______ _____ n.9 (1st Cir. 1989) (challenges to the lower court's judgment that are neither briefed or argued are waived); Pignons S.A. _____________ de Mecanique v. Polaroid, 701 F.2d 1, 3 (1st Cir. 1983) _____________ ________ ("[A]n appellee is entitled to rely on the contents of an appellant's brief for the scope of the issues appealed . . . -3- ."). Nor can plaintiff's pro se attacks3 on the summary ___ __ judgment decision, made after the appellee's brief was filed, extinguish that waiver. See United States v. Nueva, 979 F.2d ___ _____________ _____ 880, 885 n.8 (1st Cir. 1992) (appellant may not enlarge the scope of the issues appealed after initial briefing). Thus, any challenge to the propriety of summary judgment in favor of the defendant has been waived. THE RULE 60(B) APPEAL THE RULE 60(B) APPEAL _____________________ The only question presented by this appeal is whether the district court abused its discretion in deciding that plaintiff's motion under Fed. R. Civ. P. 60(b) for relief from summary judgment did not present newly discovered ____________________ 3. In particular, claims of judicial bias or partiality must first be addressed to the trial judge. In re Abijoe _____________ Realty Corp., 943 F.2d 121, 126 (1st Cir. 1991); see also ____________ ___ ____ United States v. Chantal, 902 F.2d 1018, 1024 (1st Cir. _____________ _______ 1990). At no time during the lengthy proceedings below, including the request for 60(b) reconsideration, did the plaintiff suggest partiality, thus effectively immunizing it from judicial scrutiny. Abijoe Realty, 943 F.2d at 127. The _____________ plaintiff offers no reason why the issue could not have been put before the trial court. See Playboy Enterprises v. ___ ___________________ Public Service Comm., 906 F.2d 25, 40 (1st Cir.), cert. ______________________ _____ denied, 111 S. Ct. 388 (1990). No facts or circumstances are ______ presented that would lead a reasonable person to even remotely doubt the magistrate's impartiality. Merely issuing unfavorable rulings, Lisa v. Fournier Marine Corp., 866 F.2d ____ _____________________ 530, 532 (1st Cir. 1989), or, as here, suggesting that a party file a particular motion, Noli v. Commissioner, 860 ____ ____________ F.2d 1521, 1527 (9th Cir. 1988), or other actions taken by a judge or a magistrate-judge in his or her judicial capacity during the course of proceedings cannot form the basis of a disqualification claim absent a showing of personal bias, Chantal, 902 F.2d at 1022-23 & n.9 (comparing standards under _______ 28 U.S.C. 144 and 455), an assertion not made here. -4- facts. Because of the clear and thorough disposition by the magistrate on summary judgment, we do not relate the details of every claim presented and decided below, and repeat only those facts and conclusions necessary to decide this appeal. Plaintiff's employment discrimination complaints revolve around his demotion due to a speech "problem" which NET claimed seriously interfered with his ability to communicate and perform. The plaintiff is a black male who, admittedly, speaks with a slight Jamacian/West Indian accent and speech pattern. In support of its motion for summary judgment NET offered evidence that plaintiff had a speech defect which caused him, despite speech therapy during the course of employment, to perform in an unsatisfactory manner. On motion for reconsideration, filed six months after the entry of summary judgment against him, plaintiff attempted to show that newly discovered evidence revealed that the plaintiff had, in fact, no diagnosed speech defect and that, consequently, NET's rationale for its decision not to promote, and to demote, was a pretext for racial discrimination.4 ____________________ 4. Much of the motion to reconsider, like appellant's brief, is devoted to arguing the merits of his case against NET. As this appeal addresses only the order denying the 60(b) motion, and for the reasons discussed earlier, the merits of the underlying grant of summary judgment are not before us. See, e.g., Parrilla-Lopez v. United States, 841 ___ ____ ______________ ______________ F.2d 16, 20 (1st Cir. 1988). -5- The "new" evidence supporting plaintiff's Rule 60(b)(2) motion took the form of medical reports which post- dated the entry of summary judgment in NET's favor and stated that the plaintiff did not have the particular speech defect claimed by NET as the reason for its employment decision not to promote the plaintiff. The reports presented evaluations based on a series of assessments of plaintiff's speech patterns that were originally performed in 1978 and 1979, but which, the plaintiff asserted, were heretofore available only in illegible handwritten form. The plaintiff professed knowledge of the reports at the time his opposition to the motion for summary judgment was filed, but stated that the records were not, despite diligent efforts to obtain a "translation", available in legible form at that time due to difficulty in retrieving the information from the reporting source. The motion also stated that counsel's illness was a contributing factor in the inability to properly respond at the time the summary judgment opposition was filed.5 ____________________ 5. Plaintiff's counsel at the Rule 60(b) stage had entered the case shortly before NET's motion for summary judgement was filed. During the prior ten-year history of the case, plaintiff was represented, at various times, by two other attorneys, or had appeared pro se. ___ ___ After NET moved for summary judgment, plaintiff filed two motions for a continuance of the summary judgment hearing (each occasioned by the rescheduling of counsel's bone marrow implant operation); both were granted. In allowing the second continuance, the magistrate indicated, apparently taking into account counsel's ill health, that the motion for summary judgment would be decided on the parties' submissions some six weeks later. At no time did plaintiff's counsel -6- The magistrate refused to grant the motion because, despite professing earlier knowledge of the evidence, the plaintiff did not request an extension of time to respond to the summary judgment motion, Fed. R. Civ. P. 56(f)6, and could not, given the lengthy history of the case - - including the allowance of an extremely late opposition to the motion for summary judgment, make a claim that the documents now offered were difficult to obtain. The magistrate concluded that the plaintiff had failed to demonstrate either that the evidence was newly discovered or that due diligence could not have uncovered it earlier, Nickerson v. G.D. Searle & Co., 900 F.2d 412, 417 (1st Cir. _________ _________________ 1990), and deemed the motion frivolous. We review the denial of a Rule 60(b) motion for abuse of discretion, Duffy v. _____ Clippinger, 857 F.2d 877, 879 (1st Cir. 1988), and cannot __________ ____________________ seek an extension of time to file an opposition. Almost two months after the grant of the second continuance, and three months after the summary judgment motion was filed, plaintiff's counsel filed a request for leave to file plaintiff's opposition, offering ill health and the bone marrow operation as reason for the delay. The only opposing affidavit offered was that of the plaintiff. The magistrate allowed the request and considered the plaintiff's opposition in the ruling on the summary judgment motion three weeks later. 6. Rule 56(f) states, in relevant part: Should it appear. . . that the [opposing] party cannot . . . present facts . . . essential to justify the party's opposition, the court may . . . order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just. -7- find that an error of judgment was committed here. It is clear that the proffered documents were not newly discovered since the plaintiff was aware of their existence when NET's motion for summary judgment was filed. Parrilla-Lopez v. ______________ United States, 841 F.2d 16, 19 (1st Cir. 1988). Nor does the _____________ plaintiff assert that further facts became known after summary judgment entered. See Mas Marques v. Digital ___ ____________ _______ Equipment Corp., 637 F.2d 24, 29 (1st Cir. 1980). Even if _______________ the documents remained illegible at the time the opposition was due, Rule 56(c), it was incumbent upon the plaintiff to make known to the magistrate the existence of any and all material facts bearing on summary judgment either by introducing affidavits from the treating sources or otherwise utilizing the mechanisms of Rule 56(f). Rule 60(b)(2) also requires the moving party to show due diligence in order to secure relief from judgment. The plaintiff's brief argues that the medical records purporting to show that the plaintiff had no speech or oral communication problem were unavailable because they were unreadable and their conclusions had to be reconstructed from the original speech and language tests performed in 1978 and 1979. However, this falls short of explaining why the plaintiff did not at least verify the existence of these _________ records at the time the summary judgment was filed, or apply for a continuance as provided for in Rule 56(f). Lepore v. ______ -8- Vidockler, 792 F.2d 272, 274 (1st Cir. 1986). Given the _________ lengthy history of the case, including that the magistrate was clearly indulgent of counsel's difficulties, and mindful that Rule 60(b) affords "extraordinary relief" available "only under exceptional circumstances," United States v. One _____________ ___ Urban Lot, 882 F.2d 582-83, 585 (1st Cir. 1989) (citations _________ omitted), we cannot find an abuse of discretion in refusing to reconsider summary judgment.7 Accordingly, the judgments of the district court are affirmed. Appellees' request for an award of double ________ costs and attorney's fees in the Rule 60(b) appeal is denied. ____________________ 7. Since relief from judgment under Rule 60(b)(2) requires that each of four elements be present, Duffy, 857 F.2d at _____ 879, we need not reach appellant's claim that the "new" evidence would likely change the summary judgment outcome. -9-